**George N. ABOOD, Plaintiff-Appellant,**

v.

**John R. BLOCK, etc.,**
**Defendant-Appellee.**

**No. 84–3483**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 4, 1985.

---

Norman J. Abood, Jacksonville, Fla., for plaintiff-appellant.

John E. Lawlor, III, Asst. U.S. Atty., Jacksonville, Fla., for defendant-appellee.

Before RONEY, FAY and JOHNSON, Circuit Judges.

PER CURIAM:

Plaintiff Abood, the owner and operator of a small grocery store in Jacksonville, Florida, filed his complaint in the United States District Court for the Middle District of Florida against defendant Block in his capacity as Secretary of the United States Department of Agriculture, alleging that he was denied due process of law when the Department suspended for a period of six months his privileges to accept food stamps. The district court, upon the plaintiff's .motion, issued a temporary restraining order, which remained in effect until the trial of the case, prohibiting the defendant Block from suspending the food stamp privileges of plaintiff. At the close of plaintiff-appellant's case, the defendant-appellee moved for judgment pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the district court entered an order of dismissal. On the record, the district court found both legally and factually that the appellant had not been denied due process under the Fifth Amendment. The findings of fact and conclusions of law were made orally by the district court after it had considered the evidence presented by the appellant. This appeal ensued.

In this appeal the appellant relies upon the district court record. This reliance includes references to the testimony of the appellant and the findings of the district court that were made by the district court orally after the defendant Secretary made a motion for involuntary dismissal. Oral findings of fact and conclusions of law are appropriate and legally sufficient under Rule 52(a) of the Federal Rules of Civil Procedure. However, appellant, who has the responsibility under Rule 10(b)(1) of the Federal Rules of Appellate Procedure, failed to order the transcript of the district court proceedings and to make the transcript, including the oral findings and conclusions of the district court, a part of the record on this appeal. Although Rule 10(b) provides that, should an appellant not order an entire transcript, the appellant can file a notice with the court which must be served upon the appellee stating that an entire transcript has not been ordered, here the appellant did not order a transcript for review by this Court and failed to advise

appellee of the decision not to order a transcript. Further, under Rule 10(b)(3), if appellant does not order a transcript, he/she must file a statement of issues that are to be presented on appeal and serve such statement on opposing counsel. Appellant failed to do this. Rule 14(a)(1) of the Rules of the United States Court of Appeals for the Eleventh Circuit provides that dismissal of an appeal is an appropriate sanction in the event an appellant fails to abide by the appellate rules of procedure. In this case dismissal is not only warranted but mandated since here there is no way this Court can review the action taken by the district court absent a transcript of the proceedings and the findings and conclusions of the trial court. Therefore, this appeal is dismissed for a violation of the rule requiring the appellant to provide this Court with an appropriate record whereby the actions of the district court can be reviewed.

DISMISSED.