## SOUTHWEST ADMINISTRATORS, INC., Plaintiff-Appellant,

v.

## Louis S. LOPEZ, Defendant-Appellee.

### No. 85–5573.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 1985.

Decided Feb. 4, 1986.

As Modified March 4, 1986.

Elizabeth Rosenfeld, Patricia S. Waldeck, Pappy & Davis, Los Angeles, Cal., for plaintiff-appellant.

Gregory B. Smith, Long Beach, Cal., for defendant-appellee.

Before FLETCHER, PREGERSON, and CANBY, Circuit Judges.

FLETCHER, Circuit Judge:

Plaintiff Southwest Administrators, Inc., a union trust fund administrator, sued Louis Lopez, an employer, for allegedly delinquent trust fund contributions. Lopez asserted as a defense that he had been tricked into signing a short-form collective bargaining agreement that was retroactive to six years prior to the date of signing. The district court found that the union had tricked Lopez, and therefore concluded that no valid retroactive agreement had ever been formed. Without a valid agreement, Lopez had no obligation to make trust fund contributions. The district court therefore entered judgment for Lopez and awarded attorney's fees.

We conclude that resolution of this appeal on the merits involves issues of fact mixed with issues of law. Because Southwest Administrators did not provide a tran-

---

script of the trial, this court cannot properly review this case on appeal. We therefore dismiss the appeal for failure to comply with the applicable local and federal rules.

## FACTUAL BACKGROUND

Defendant Louis Lopez is a construction contractor in southern California. Prior to July 1, 1977, Lopez was signatory to collective bargaining agreements with several unions, including the Teamsters. He terminated those agreements effective July 1, 1977 and operated as a nonunion contractor until early 1983.

In February 1983, Teamsters business agent Charles Tanberg pressured Lopez to sign a collective bargaining agreement. Lopez acquiesced and on February 23, 1983, through his agent Mike Sullivan, Lopez signed a "short-form" agreement. Unbeknownst to Lopez or Sullivan, Tanberg had inserted the date "7-1-77" in the blank for "Effective Date:" on the agreement before either party signed.

Plaintiff Southwest Administrators, Inc., the trust fund administrator, demanded trust fund contributions for the period from July 1, 1977 to February 23, 1983. When Lopez refused to pay, Southwest Administrators filed this suit to recover unpaid contributions. Following a bench trial, the district judge entered Findings of Fact and Conclusions of Law, and ruled in favor of Lopez, concluding that "no valid and enforceable agreement was created covering the retroactive period." Southwest Administrators timely appealed.

## DISCUSSION

In its Findings of Fact, the district court included the following:

9. The date "7-1-77" was typed in by Charles Tanberg prior to the execution of the agreement.

10. Neither Tanberg nor any other person on behalf of the Teamsters Union discussed with either Lopez or Sullivan the Union's intent to make the collective bargaining agreement retroactive to July 1, 1977.

11. By unilaterally inserting the effective date "7-1-77" onto the short form agreement, and by not disclosing the same to either Lopez or Sullivan, Tanberg's intent was to trick Sullivan (and Lopez) into signing an agreement retroactive to July 1, 1977. Sullivan did not notice the date "7-1-77" when he executed the agreement.

12. At the time of execution, Lopez and Sullivan understood that the collective bargaining agreement would operate prospectively from the date of execution.

13. In his capacity as a labor consultant to various construction contractors, Sullivan has executed numerous collective bargaining agreements with various unions. However, he has never executed a collective bargaining agreement which was retroactive. Neither has Lopez ever signed a collective bargaining agreement which was retroactive in effect.

14. Had Lopez known the Teamsters Union intended that the collective bargaining agreement be retroactive to July 1, 1977, he would not have entered into it.

Based on these findings, the district court, in its conclusions of law, stated: "The Court finds for the defendant, Louis S. Lopez, i.e., that no valid and enforceable agreement was created covering the retroactive period."

Southwest Administrators states in its opening brief that "It is the position of Southwest Administrators that the conduct of the Union did not constitute trickery or fraud; and, even if the Union's conduct were fraudulent, said conduct does not provide Lopez with a defense to this action by a Trust Fund." In its briefs, Southwest Administrators thus challenges both the district court's factual findings and its legal conclusions. At oral argument, counsel stated that Southwest Administrators does not challenge the factual basis for the district court's findings, but instead contends that the findings are inconsistent with each other and that the district court's conclu-

sions of law are not supported by the findings.

Fed.R.App.P. 10(b)(2) states: "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion." Although counsel for Southwest Administrators initially ordered a transcript of the trial, counsel later cancelled the order. Thus, there is no record to review.

We find that resolution of this case on the merits involves issues of fact mixed with issues of law. To decide whether a valid binding agreement was ever formed between Lopez and the union, we must address questions such as whether Tanberg tricked Sullivan, whether there was fraud in the inducement or fraud in the execution, whether there was a meeting of the minds, and whether a retroactive collective bargaining agreement is a totally different kind of document from a prospective-only contract. These questions raise factual issues as to what the parties intended and what they did, and legal issues as to the nature of a contract and the validity of particular defenses in a suit by a trust fund. These factual and legal determinations are so interrelated that we cannot meaningfully review the district court decision without a record of proceedings below.

Local Ninth Circuit Rule 19, entitled "Diligent Prosecution of Appeals," provides in part that "[w]hen an appellant fails to ... comply with rules requiring processing the appeal for hearing, the Clerk will enter an order dismissing the appeal." This circuit and other circuits have held that failure to provide a trial transcript warrants dismissal of the appeal. *See Thomas v. Computax Corp.*, 631 F.2d 139, 141 (9th Cir.1980); *see also Abood v. Block*, 752 F.2d 548, 550 (11th Cir.1985) (per curiam); *Brattrud v. Town of Exline*, 628

F.2d 1098, 1099 (8th Cir.1980) (per curiam). Fed.R.App.P. 3(a) compels the same result ("Failure of an appellant to take any step [in the prosecution of an appeal] ... is ground ... for such action as the court of appeals deems appropriate, which may include dismissal of the appeal.").

We conclude that Southwest Administrators' failure to provide a trial transcript mandates that we dismiss this appeal pursuant to Ninth Circuit R. 19(b) and Fed.R.App.P. 3(a) for violation of Fed.R.App.P. 10(b)(2).[1]

The appeal is accordingly DISMISSED.

---

**1.** Southwest Administrators and Lopez request attorney's fees under 29 U.S.C. § 1132(g), and Lopez additionally requests damages and costs under Fed.R.App.P. 38. Such awards are within the discretion of the court. Under the circumstances of this case, we deny all of these requests.