**Anthony GRECO, Debtor–Appellant,**

**v.**

**James STUBENBERG; H. Gobel; Peacock Partners; Kishi Trustees; Andrew Hartnett; and Troy Corp., Creditors–Appellees.**

**No. 87–2231.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 29, 1988.[*]

Decided Oct. 25, 1988.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App. P. 34(a); Circuit Rule 34–4.

Robert W. Stewart, Jr., Palm Desert, Cal., for debtor-appellant.

Bert T. Kobayashi, Jr., and Lex R. Smith, Honolulu, Hawaii, for appellees Troy Corp., Melvyn Choy, Evan Cruthers, Thomas Pagliuso and Desmond Brooks.

John R. Dwyer, Jr., Dwyer, Imanaka, Neeley & Peterson, Honolulu, Hawaii, for creditor-appellee Kishi Trustees.

Before BRUNETTI, KOZINSKI and DAVID R. THOMPSON, Circuit Judges.

BRUNETTI, Circuit Judge:

Anthony Greco appeals from a district court order dismissing his appeal from the bankruptcy court for failure to prosecute. We affirm.

On February 21, 1975 appellant and his wife signed a 35–year lease with Kishi Trustees (Kishi) for a parcel of commercial waterfront property in Lahaina, Hawaii. On March 27, 1977 fire destroyed the restaurant appellant was operating on the property and when he defaulted on the rent payments, Kishi filed an eviction action in state court. The action was automatically stayed when appellant filed for relief under

Chapter 11 of the Bankruptcy Act. On March 5, 1980, the bankruptcy court lifted the stay but the action was stayed again on April 4, 1980 when appellant's wife filed for Chapter 11 relief.

Before the bankruptcy court could rule on Kishi's motion to lift the second stay, the Troy Corporation negotiated a settlement of the dispute. Under the settlement, Kishi entered into a new long-term lease with Troy. Troy in turn held the lease in trust for itself and appellant. The appellant filed a reorganization plan with the bankruptcy court that was based primarily on the Troy settlement. The court approved the plan on February 27, 1981.

After a series of alleged defaults by Troy, Kishi filed suit in state court on February 24, 1984 to terminate the Kishi–Troy lease. However, the action was stayed pending the outcome of the bankruptcy proceedings. On November 21, 1984, Troy moved to convert appellant's bankruptcy proceedings from Chapter 11 to Chapter 7. The bankruptcy court granted Troy's motion on April 3, 1986. Appellant filed a timely notice of appeal to the district court and filed his designation of record on appeal on April 22, 1986. The designation identified a number of bankruptcy court transcripts, including the transcript of a hearing held on February 11, 1983. On July 30, 1986, Troy filed a motion to dismiss the appellant's appeal for failure to prosecute because he failed to obtain and file the transcripts identified in their designations of record. In response, appellant's attorney filed a declaration, representing that he had ordered the necessary transcripts from the court reporters. The district court denied Troy's motion to dismiss on September 26, 1986, but held that the denial was "without prejudice to Troy Corporation's right to renew such motions if appropriate circumstances arise in the future." The court also imposed the following deadlines: (1) by September 16, 1986, the appellant was to provide Troy with satisfactory evidence that he had made final arrangements to obtain all reporters' transcripts identified in the designations of the record; and (2) the appeals, including

dispositions by the court, were to be completed by December 2, 1986.

On September 15, 1986, appellant filed a statement, assuring Troy and the court that adequate arrangements had been made for procuring the relevant transcripts. On December 29, 1986, Troy renewed its motion to dismiss. On January 20, 1987 appellant's counsel filed a declaration stating that he could not locate the court reporter from the February 11, 1983 hearing. Counsel also filed an amended designation of record that eliminated the February 11, 1983 transcript and requested that appellant's appeal be docketed immediately. On February 4, 1987, the court denied appellant's request and granted Troy's motion to dismiss.

Appellant contends that the district court abused its discretion by dismissing his appeal for lack of prosecution. Parties appealing from bankruptcy court orders must file a designation of record with the bankruptcy court clerk within 10 days of filing a notice of appeal. Bankr.R. 8006. If the designation includes a transcript of any proceeding, the appellant "shall immediately after filing the designation deliver to the reporter and file with the clerk of the bankruptcy court a written request for the transcript and make satisfactory arrangements for payment of its cost." *Id.*

Appellant's attorney did not "immediately" request the transcripts that were identified in his designation of record. It appears that he made his first effort to obtain the transcripts on July 1, 1986 when he wrote to the bankruptcy court to request the names and addresses of the relevant court reporters which was two and a half months after he had filed the designation of record. Despite the two declarations appellant's counsel made to the district court that the transcripts had been ordered, the record shows that the transcript of the hearing held on February 11, 1983 was never ordered. Although this transcript was apparently unavailable because the court reporter responsible for it could not be located, counsel did not notify the court of that complication until January 20, 1986, nine months after the designation

had been filed. By that time, the district court had under consideration Troy's second motion to dismiss for lack of prosecution.

██ District courts may impose sanctions, including dismissal, upon any appellant who fails to make a timely written request for a transcript. *See Bankr.* R. 8001 (an appellant's failure to take steps required to prosecute an appeal, other than the timely filing of a notice of appeal, may be grounds for such action as the district court deems appropriate, including dismissal); *see also U.S. v. Consolidated Freightways,* 178 F.2d 756 (9th Cir.1950); *Tucker Products Corp. v. Helms,* 171 F.2d 126 (9th Cir.1948), *cert. denied,* 336 U.S. 938, 69 S.Ct. 748, 93 L.Ed. 1096 (1949). In determining whether to dismiss an appeal on such grounds, a district court must consider (1) alternative measures in lieu of dismissal, and (2) whether the conduct giving rise to the dismissal was caused entirely by the party's attorney. *See Myers v. Shekter* (In Re Hill), 775 F.2d 1385, 1386 (9th Cir.1985). We review the district court's determination for an abuse of discretion. *Sierra Switchboard Co. v. Westinghouse Elect. Corp.,* 789 F.2d 705, 706–07 (9th Cir.1986) (court reviews for an abuse of discretion district court sanctions for noncompliance with nonjurisdictional bankruptcy procedural requirements); *see Myers,* 775 F.2d at 1386.

██ The record demonstrates that the district court adequately considered the necessary factors. First, in denying Troy's first motion to dismiss, the district court imposed deadlines for the prosecution of appellant's appeal. In addition, the court, in effect, warned appellant that if he did not comply with the court's schedule, his appeal would be subject to dismissal. These intermediate steps show that the court had sufficiently considered and exhausted alternatives to dismissal. *Cf. Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir.1986) (district court adequately considered alternatives to dismissal under Fed.R.Civ.P. 41(b) when it set deadlines for prosecution of the case and warned the

party that failure to meet deadlines would result in dismissal).

Second, the record demonstrates that counsel's delay in procuring the relevant transcripts was caused in part by appellant's repeated failure to provide the funds necessary to cover the transcription expense. The district court held that appellant's excuse for this failure was inadequate to defeat Troy's motion to dismiss. Accordingly, the district court sufficiently considered the relative fault between appellant and his attorney in causing the dilatorious conduct. Therefore, the district court did not abuse its discretion by dismissing appellant's appeal. *Cf. Southwest Adm'rs, Inc. v. Lopez,* 781 F.2d 1378, 1380 (9th Cir.1986) (appellant's failure to provide the court of appeals with trial transcripts warranted dismissal of the appeal); *Thomas v. Computax,* 631 F.2d 139, 141 (9th Cir.1980) (appellant's failure to order transcripts within the time required by Fed.R.App.P. 10(b) required dismissal of the appeal).

██ We grant Kishi Trustees' request for costs and attorney fees pursuant to Federal Rules of Appellate Procedure 38 and 39 and Ninth Circuit Court of Appeals Rule 14. We conclude that appellant's appeal is frivolous because appellant cited erroneous and non-controlling case law from the Fifth Circuit. Furthermore, appellant's brief failed to explain the applicability of those cases. Kishi Trustees is directed to file with this court an itemized and verified bill of costs pursuant to Fed.R. App.P. 39(d). We do not award costs to appellee Troy Corporation because it did not seek such costs.

AFFIRMED.