951 F.2d 1259
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re Mona Melva OLSON, Debtor.
NINTH DISTRICT PRODUCTION CREDIT ASSOCIATION, Plaintiff-Appellee,
v.
Mona Melva OLSON, Defendant-Appellant,
Eric C. Rajala, Trustee.
 No. 91-3186.
 United States Court of Appeals, Tenth Circuit.
 Dec. 16, 1991.
 
 Before McKAY, Chief Judge, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Debtor Mona Melva Olson challenges the March 4, 1991 order of the district court dismissing her appeal for failure to timely designate a record on appeal as required by Bankruptcy Rule 8006, 11 U.S.C. § 8006 (1988). We affirm.
 
 
 3
 On December 5, 1990, the bankruptcy court denied Mrs. Olson's timely motion for reconsideration of its order lifting the automatic stay of Production Credit Association's (PCA) judgment against her. On December 11, 1990, Mrs. Olson filed a notice of appeal to the district court. On February 19, 1991, PCA filed a motion to dismiss the appeal in the district court for failure to prosecute because Mrs. Olson had not designated the record within ten days as required by Bankruptcy Rule 8006. On March 4, 1991, the district court entered a Minute Order dismissing the appeal for failure to comply with the time limits.
 
 
 4
 The district court had the authority to take such action as it deemed appropriate, including dismissal, in response to Mrs. Olson's failure to comply with the procedures contemplated by the Bankruptcy Rules. 11 U.S.C. § 8001(a) (1988). We review such actions only for an abuse of discretion. See Greco v. Stubenberg, 859 F.2d 1401, 1404 (9th Cir.1988) (affirming dismissal for failure to obtain transcripts designated as record); In re Tampa Chain Co., Inc., 835 F.2d 54, 55-56 (2d Cir.1987) (affirming dismissal for failure to file brief). The record indicates that Mrs. Olson was served with a copy of PCA's motion to dismiss for failure to prosecute. Moreover, the bankruptcy court effectively warned her of the possibility of dismissal in its submission to the district court of a Notice of Failure to Prosecute on February 22, 1990.
 
 
 5
 In light of these considerations, we AFFIRM the bankruptcy court's dismissal of Ms. Olson's appeal. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3