980 F.2d 729
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re William Terry JAMISON, Jr.; Peggy Donnell Jamison, Debtors.
William Terry JAMISON, Jr.; Peggy Donnell Jamison,
Plaintiffs-Appellants,
v.
JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Defendant-Appellee.
 No. 92-5567.
 United States Court of Appeals, Sixth Circuit.
 Dec. 2, 1992.
 
 Before MILBURN and BATCHELDER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 William and Peggy Jamison, represented by counsel, appeal the district court's judgment dismissing their appeal from the bankruptcy court for failure to prosecute. The district court appeal was a de novo review of a bankruptcy question of law arising from a farm Chapter 11 reorganization case. This case has been referred to a panel of the court pursuant to Rule 9(a). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Both parties have waived oral argument.
 
 
 2
 The Jamisons filed an adversary proceeding in which they questioned the validity, priority, or extent of the creditor's lien rights under the 1987 Chapter 11 petition. On July 12, 1991, the bankruptcy court granted the creditor's motion for partial summary judgment in the adversary proceeding, finding that the creditor's lien on certain real estate was valid.
 
 
 3
 On July 22, 1991, the Jamisons filed a notice of appeal with the United States District Court for the Western District of Tennessee, Eastern Division at Jackson, Tennessee. The parties then filed various motions and responses. On January 20, 1992, the bankruptcy court entered an order lifting the automatic stay as to the creditor and dismissing the Jamisons' Chapter 11 case as it related to the creditor. The creditor subsequently foreclosed on the real property which was the subject of the adversary proceeding. On March 23, 1992, the district court dismissed the appeal for failure to prosecute pursuant to Bankruptcy Rule 8001(a). See Greco v. Stubenberg, 859 F.2d 1401, 1404 (9th Cir.1988).
 
 
 4
 On appeal, the Jamisons argue that the district court erroneously dismissed their appeal. Both parties have waived oral argument.
 
 
 5
 Although not raised by the parties, we perceive a mootness issue in this case because the property which was subject to the lien has been sold during a foreclosure sale. Because of the sale, this court is no longer able to grant any effectual relief to the Jamisons. See In re DeLorean Motor Co., 755 F.2d 1223, 1226 (6th Cir.1985). Therefore, the appeal is moot.
 
 
 6
 When a claim becomes moot, the proper procedure is to dismiss the appeal and to vacate the district court's decision so that it has no value as precedent. Deakins v. Monaghan, 484 U.S. 193, 200 (1988). Accordingly, we dismiss the appeal as moot and order the district court to vacate its order of March 23, 1992. Rule 9(b)(3), Rules of the Sixth Circuit.