983 F.2d 1076
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Martin M. MADSON, Debtor,
Martin M. MADSON, Appellant,
v.
Janie MADSON; Peter H. Arkison, Trustee; United States
Trustee; H. Michael Fields; Karen L. Herrin,
Trustee, Appellees.
 No. 92-35172.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Jan. 15, 1993.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Martin Madson appeals the district court's denial of his motion to set aside the court's order determining that Madson's wife had a priority claim to homestead funds from the trustee's liquidation of certain real property. Madson contends that the district court erred by dismissing his appeal for lack of diligent prosecution because the district court never considered alternative sanctions. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.[1]
 
 
 3
 We review a "district court's dismissal for non-compliance with non-jurisdictional bankruptcy rules for an abuse of discretion." Fitzsimmons v. Nolden (In re Fitzsimmons), 920 F.2d 1468, 1471 (9th Cir.1990); Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986) (dismissal for failure to prosecute also reviewed for abuse of discretion). Because of this sanction's severity, we have held that a district court abuses its discretion if it dismisses an action without first considering the adequacy of less drastic sanctions. See In re Fitzsimmons, 920 F.2d at 1473-74; United States v. National Medical Enter., 792 F.2d 906, 912 (9th Cir.1986); Myers v. Shekter (In re Hill), 775 F.2d 1385, 1387 (9th Cir.1985). However, we have held that "actual use of alternative sanctions prior to dismissal constitutes explicit consideration of alternative sanctions even if the order dismissing does not mention these prior acts." In re Fitzsimmons, 920 F.2d at 1474 n. 5; Greco v. Stubenberg, 859 F.2d 1401, 1404 (9th Cir.1988).
 
 
 4
 Madson filed a Notice of Appeal to the Bankruptcy Appellate Panel on July 9, 1991. This appeal was subsequently transferred to the district court. On August 14, 1991, the trustee filed a Motion to Dismiss for failure to file the required designation of record under Bankruptcy Rule 8006. On August 21, 1991 Madson filed a "Designation;" however, this document was incomplete. The district court scheduled a hearing for October 11, 1991. On the day of the hearing, Madson filed a response to the Motion to Dismiss in which he represented that a brief would be filed in ten days.[2]
 
 
 5
 On October 25, 1991, the district court dismissed the appeal for three stated reasons: failure to diligently pursue the case; failure to act in accordance with representations made in Objections to Motion to Dismiss filed October 11, 1991; and failure to file a timely response to the pending motion to dismiss. On November 7, 1991, Madson filed a motion to set aside the dismissal. The district court denied this motion on January 10, 1992 stating that in addition to the reasons set forth in the previous order, the case was now moot.
 
 
 6
 Bankruptcy Rule 8006 requires the designation of the record within ten days of the filing of the Notice of Appeal. The trustee's motion to dismiss was based on the failure to adhere to this requirement. The district court did not immediately dismiss the action. The court scheduled a hearing and accepted an incomplete designation-type document. On the day of the hearing, Madson represented that his brief would be filed within ten days. The court again held off on any sanctions. Only when Madson failed to act in accordance with his representations did the district court dismiss the appeal.
 
 
 7
 As the record reveals no abuse of discretion, the decision of the district court is
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Madson's reply brief indicates that Madson and the trustee have jointly agreed to the dismissal of the trustee from this action. Based on these representations, we will construe that portion of Madson's reply brief as a motion for voluntary dismissal of the trustee and will grant the motion
 
 
 [2]
 This response was not served on the trustee