989 F.2d 499
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re William Terry JAMISON, Jr.; Peggy Donnell Jamison, Debtors,
William Terry JAMISON, Jr.; Peggy Donnell Jamison,
Plaintiffs-Appellants,
v.
JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Defendant-Appellee.
 No. 92-5567.
 United States Court of Appeals, Sixth Circuit.
 March 3, 1993.
 
 Before MILBURN and BATCHELDER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case is before the court on a petition for rehearing en banc which has been referred to the original hearing panel.
 
 
 2
 The plaintiffs move the court to rehear en banc its order filed December 2, 1992, which dismissed this claim as moot and which directed the district court to vacate its order of March 23, 1992. This case originated in bankruptcy court, where the Jamisons had filed an adversary proceeding in which they questioned the validity, priority, or extent of the creditor's lien rights under their farm Chapter 11 reorganization case. The bankruptcy court granted the creditor's motion for partial summary judgment in that proceeding. On appeal, the district court dismissed the appeal for failure to prosecute pursuant to Bankruptcy Rule 8001(a). Specifically, the district court dismissed the case for the Jamisons' failure to file a brief in accordance with that court's briefing schedule, entered October 28, 1991.
 
 
 3
 In their petition for rehearing, the Jamisons argue that the panel decision is not consistent with this court's prior decision in Kentucky West Virginia Gas Co. v. Oil, Chemical & Atomic Workers' Int'l Union, 549 F.2d 407 (6th Cir.1977), and the Supreme Court's holding in Textile Workers v. Lincoln Mills, 353 U.S. 448, 459 (1957). Moreover, the Jamisons argue that mootness by foreclosure "is never an appropriate legal principle when contract existence and interpretation including the right and authority to foreclose is the subject matter of the lawsuit and appeal." The Jamisons also contend that, notwithstanding the sale, effectual judicial relief can still be granted by this court, because the foreclosure sale is void or voidable under Tennessee law. Lastly, the Jamisons argue that the foreclosure did not terminate other collateral relief sought, such as the right to money damages and specific performance of other related contract provisions.
 
 
 4
 Upon review of the record, it appears that there is merit to the Jamisons' argument that Tennessee's statute for redemption of the property has not yet expired and that the Jamisons still retain their right to have the foreclosure sale declared void. In re Worcester, 811 F.2d 1224, 1228 (9th Cir.1983). The Supreme Court has repeatedly held that the rights of parties to bankruptcy proceedings are created and defined by state law. Ohio v. Kovacs, 469 U.S. 274, 285-86 (1985); Butner v. United States, 440 U.S. 48, 54-55 (1979). Because relief is available under state law, this case is not moot.
 
 
 5
 Nevertheless, the district court's decision must be vacated and the case remanded on other grounds. Therefore, upon further consideration, it is ORDERED that our decision of December, 1992, be amended so that the last two paragraphs are omitted and replaced with the following two paragraphs:
 
 
 6
 The district court dismissed the appeal for failure to prosecute pursuant to Bankruptcy Rule 8001(a). See Greco v. Stubenberg, 859 F.2d 1401, 1404 (9th Cir.1988). However, the record demonstrates that the district court failed to consider: 1) alternative measures in lieu of dismissal, and 2) whether the conduct giving rise to the dismissal was caused entirely by the party's attorney. See In re Hill, 755 F.2d 1385, 1386 (9th Cir.1985) (per curiam). Thus, the district court abused its discretion in dismissing on that ground. See Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 706-07 (9th Cir.1986).
 
 
 7
 Accordingly, the district court's judgment is hereby vacated and the case remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.