990 F.2d 1255
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Joan Marie AMES, Debtor.
Patrick M. AMES, Appellant,
v.
Kenneth W. BATTLEY, Successor, Trustee to Harley Adamson,
Trustee, Appellee.
 No. 92-36588.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 24, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Patrick M. Ames appeals pro se the Bankruptcy Appellate Panel's ("BAP") denial of his motion for reconsideration of its dismissal of his appeal from the bankruptcy court's default judgment. The BAP dismissed his appeal for failure to file an opening brief pursuant to Bankruptcy Rule 8009. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.
 
 
 3
 We review a "dismissal for non-compliance with non-jurisdictional bankruptcy rules for an abuse of discretion." Fitzsimmons v. Nolden (In re Fitzsimmons), 920 F.2d 1468, 1471 (9th Cir.1990); see also Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986) (dismissal for failure to prosecute also reviewed for abuse of discretion).
 
 
 4
 "[D]ismissal is a harsh penalty and is to be imposed only in extreme circumstances." Henderson, 779 F.2d at 1423. Because of this sanction's severity, we have held that a court abuses its discretion if it imposes the sanction of dismissal without first considering the adequacy of less drastic sanctions. See In re Fitzsimmons, 920 F.2d at 1473-74.
 
 
 5
 Here, the BAP granted Ames three extensions of time in which to file his opening brief. Moreover, the BAP repeatedly warned Ames that his failure to file an opening brief would result in dismissal. These extensions and warnings "show that the court had sufficiently considered and exhausted alternatives to dismissal." Greco v. Stubenberg, 859 F.2d 1401, 1404 (9th Cir.1988); see also Henderson, 779 F.2d at 1424 (court adequately considered alternatives to dismissal when it set deadlines for prosecution of the case and warned that failure to meet deadlines would result in dismissal). In addition, because Ames is appearing pro se, his failure to timely file an opening brief cannot be attributed to counsel. Cf. Myers v. Shekter (In re Hill), 775 F.2d 1385, 1386-87 (9th Cir.1985). Accordingly, we hold that the BAP did not abuse its discretion by dismissing Ames's appeal.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3