46 F.3d 1140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Angel Ortiz DIAMOND, Plaintiff-Appellant,
v.
J. JACKSON; J. Ludwig, et al., Defendants-Appellees.
 No. 94-15488.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Jan. 10, 1995.
 
 Before: SNEED, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Angel Ortiz Diamond appeals pro se the district court's judgment after a jury trial in favor of the defendants in his 42 U.S.C. Sec. 1983 action. On appeal, Diamond has requested leave to proceed in forma pauperis. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We conclude that because Diamond failed to provide the trial transcript as required by Fed.R.App.P. 10(b)(2), his appeal is frivolous. Therefore, we deny Diamond's request for leave to proceed in forma pauperis and we dismiss his appeal.
 
 
 3
 In his complaint, Diamond alleged that California Department of Corrections employee Officer Eric Messick was deliberately indifferent to his serious medical needs by housing Diamond with an inmate that smoked.[1] Diamond, who had a medical directive that he be housed with a non-smoker, alleged that Officer Messick refused to move the smoker out of Diamond's cell. Diamond further alleged that Officer Messick was the housing officer at San Quentin in the unit where Diamond was housed and that Officer Messick, with knowledge of Diamond's medical condition, refused to change Diamond's housing assignment. After a two day trial, the jury found that Officer Messick was not deliberately indifferent to Diamond's serious medical needs.
 
 
 4
 "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such a finding or conclusion." Fed.R.App.P. 10(b)(2). Based on this rule, we have held that failure to provide relevant portions of a transcript may require dismissal of the appeal." Syncom Capital Corp. v. Wade, 924 F.2d 167, 169 (9th Cir.1991); accord, Portland Feminist Women's Health Ctr. v. Advocates for Life, Inc., 877 F.2d 787, 789 (9th Cir.1989); Southwest Admin'rs, Inc. v. Lopez, 781 F.2d 1378, 1378-80 (9th Cir.1986); Thomas v. Computax Corp., 631 F.2d 139, 141 (9th Cir.1980).
 
 
 5
 On appeal, Diamond contends that the district court erred by denying his motion for a writ of habeas corpus ad testificandum and by not sua sponte entering a directed verdict in his favor. We conclude that the resolution of these issues requires an examination of the trial transcript.
 
 
 6
 The clerk's docket indicates that Diamond's motion for a writ of habeas corpus ad testificandum was denied at the opening of the trial. Without the transcript we cannot determine if the district court properly exercised its discretion in denying the writ. See Wiggins v. Alameda County, 717 F.2d 466, 468 n. 1 (9th Cir.1983) (discussing the factors which should guide the district court in determining whether to issue the writ), cert. denied, 465 U.S. 1070 (1984).
 
 
 7
 Similarly, without the trial transcript we cannot determine if Diamond was, as a matter of law, entitled to a directed verdict. "[A] directed verdict is proper when the evidence permits only one reasonable conclusion as to the verdict." McGonigle v. Combs, 968 F.2d 810, 816 (9th Cir.), cert. dismissed, 113 S.Ct. 399 (1992). Without the transcript we do not know what evidence was presented during the trial. Therefore, we are unable to determine if the evidence demonstrated that Officer Messick was deliberately indifferent to Diamond's serious medical needs. See Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994).
 
 
 8
 Because Diamond has failed to provide the trial transcript, his appeal does not present any substantial questions. Therefore, we conclude that his appeal is frivolous. See Ellis v. United States, 356 U.S. 674, 674-75 (1958) (per curiam). Accordingly, we deny Diamond's motion for leave to proceed in forma pauperis and dismiss his appeal. See id. (stating that leave to appeal in forma pauperis should be denied if appeal presents plainly frivolous issues).
 
 
 9
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Diamond's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his complaint, Diamond named several California Department of Corrections employees and a number of Oakland police officers. On April 16, 1993, the district court dismissed several claims and individual defendants. On October 1, 1993, the district court granted summary judgment to all remaining defendants except Officer Messick