51 F.3d 284
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Byron S. WOOLLEY, Plaintiff-Appellant,
v.
Dr. B. TEXTOR; et al., Defendants-Appellees.
 No. 93-16065.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided April 4, 1995.
 
 Appeal from the United States District Court, for the Eastern District of California, D.C. No. CV-88-01455-GGH; Gregory G. Hollows, Magistrate Judge, Presiding.
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Byron S. Woolley appeals pro se a directed verdict in favor of the defendants. In his 42 U.S.C. Sec. 1983 complaint, Woolley alleged that the defendant prison officials were deliberately indifferent to his serious medical needs when they did not supply him with hearing aids. Woolley contends he proffered evidence demonstrating defendants' liability. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we dismiss the appeal for Woolley's failure to comply with Fed.R.App.P. 10(b)(2).
 
 
 3
 In his amended complaint, Woolley alleged that the named defendants were deliberately indifferent to his serious medical needs by failing to provide him with hearing aids despite nearly three years of by corrections officials that he had a serious hearing loss. After lengthy pre-trial proceedings, this case went to a jury trial before a magistrate judge pursuant to 28 U.S.C. Sec. 636(c). After Woolley rested, the magistrate judge granted the defendants' motion for judgment as a matter of law finding that Woolley had failed to proffer evidence demonstrating a causal link between the defendants' actions and Woolley's alleged harm.
 
 
 4
 Woolley contends that he did proffer evidence demonstrating the defendants' liability. Specifically, Woolley argues that he proffered evidence of budgetary policies which demonstrated defendants' liability.
 
 
 5
 "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such a finding or conclusion." Fed.R.App.P. 10(b)(2). "Based on this rule, we have held that failure to provide relevant portions of a transcript may require dismissal of the appeal." Syncom Capital Corp. v. Wade, 924 F.2d 167, 169 (9th Cir.1991) (per curiam); accord, Southwest Admin'rs, Inc. v. Lopez, 781 F.2d 1378, 1378-80 (9th Cir.1986); Thomas v. Computax Corp., 631 F.2d 139, 141 (9th Cir.1980).
 
 
 6
 Here, Woolley argues the district court erred by entering directed verdict for the defendants. "[A] directed verdict is proper when the evidence permits only one reasonable conclusion as to the verdict." McGonigle v. Combs, 968 F.2d 810, 816 (9th Cir.), cert. dismissed, 113 S.Ct. 399 (1992). Thus, the resolution of Woolley's contention involves the examination of the evidence proffered at trial. Woolley, however, has not provided this court with any portion of the trial transcript. Without the transcript we do not know what evidence Woolley presented at trial and, therefore, cannot determine if the defendants were not, as a matter of law, entitled to a directed verdict. See id.
 
 
 7
 Accordingly, the appeal is dismissed for failure to comply with Fed.R.App.P. 10(b)(2). See Syncom Capital Corp., 924 F.2d at 170; Southwest Admin'rs, Inc., 781 F.2d at 1380; Thomas, 631 F.2d at 143. All pending motions are denied.
 
 
 8
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3