In re Violet M. MARSH and Harold J. Marsh, Debtors.

Trigny Corp.; Harvey Cherewick, Appellants,

v.

Geoffrey Groshong, Bankruptcy Trustee, Appellee,

and

Violet M. Marsh; Harold J. Marsh, Debtors.

No. 00–35224.

D.C. No. CV–99–01377–BJR.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2001.*

Decided Oct. 5, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

Before KOZINSKI and GOULD, Circuit Judges, and SCHWARZER,** Senior District Judge.

## MEMORANDUM ***

■ Harvey Cherewick, president of Trigny Corporation, the debtor in bankruptcy, appeals from an order of the district court dismissing his appeal from an order of the bankruptcy court holding him in contempt for failing to comply with discovery. The district court found that Cherewick had failed to perfect his appeal within the time provided by Bankruptcy Rule 8006.[1] Our review of the district court's order of dismissal for noncompliance with nonjurisdictional bankruptcy rules is for abuse of discretion. *In re*

R.App. P. 34(a)(2).

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Rule 8006 provides:

Within 10 days after filing the notice of appeal as provided by Rule 8001(a), entry of an order granting leave to appeal, or entry of an order disposing of the last timely motion outstanding of a type specified in Rule 8002(b), whichever is later, the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.

*Edward Fitzsimmons v. M. Nolden,* 920 F.2d 1468, 1471 (9th Cir.1990).

On August 10, 1999, the bankruptcy judge entered an order of civil contempt against Cherewick requiring him to produce documents and appear for examination. On August 23, 1999, Cherewick filed a notice of appeal and moved for a stay of the order pending appeal. The bankruptcy judge denied the stay and Cherewick appealed. On October 6, 1999, the district court denied the motion for a stay, noting that "the issuance of a stay would clearly continue an already serious delay in this matter and would be injurious to the interests of the creditors on whose behalf the information is being sought." On November 3, 1999, the bankruptcy judge entered an additional contempt order, ordering him to produce the documents required by the earlier order. Cherewick failed to perfect his appeal of the August 10 order by filing the required designation of record and statement of issues. On November 10, 1999, appellee moved to dismiss Cherewick's appeal. One month later, on December 10, Cherewick filed his designation and statement of issues on appeal.

■ Although as a general rule the district court must consider alternative sanctions to dismissal, "[i]n 'egregious circumstances' a court may dismiss a case for noncompliance with procedural rules without explicit consideration of alternative sanctions." *Fitzsimmons,* 920 F.2d at 1473 (quoting *In re Donovan,* 871 F.2d 807, 808–09 (9th Cir.1989)). We read the court's finding on reconsideration that Cherewick's "109 day delay in designating the record on appeal is an inexcusably flagrant violation of the court's rules" as a finding of egregious circumstances. That finding is amply supported by the district court's prior warning to Cherewick that the proceedings had already suffered serious delay to the prejudice of creditors and

Cherewick's delay in perfecting his appeal until after appellee had moved to dismiss. *See id.* at 1471; *see also Greco v. Stubenberg,* 859 F.2d 1401, 1404 (9th Cir.1988); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir.1986).

■ We recognize that public policy favors disposition of cases on the merits. *See Malone v. USPS,* 833 F.2d 128, 130 (9th Cir.1987). That policy, however, carries little if any weight where the appeal is from an order of civil contempt requiring compliance with discovery, particularly where the prejudice to the estate's creditors is patent.

Finding no abuse of discretion, we affirm the district court's order of dismissal.

AFFIRMED.