[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 05-15005
Non-Argument Calendar

————————————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 25, 2006
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 04-02264-CV-BBM-1,
03-98551-BKC-RE

IN RE:

KWAME OU'PINDA E'TEIF, SR.,

Debtor.

----------------------------------------------------

 KWAME OU'PINDA E'TEIF, SR.,

Plaintiff-Appellant,

versus

TAMARA MILES OGIER,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————————

**(April 25, 2006)**

Before BLACK, BARKETT, and MARCUS, Circuit Judges.

PER CURIAM:

Kwame O. E'tief, Sr., a Chapter 7 debtor proceeding pro se, appeals the district court's affirmance of the bankruptcy court's order approving the Trustee's Application to Compromise a malpractice claim against E'tief's former counsel, G. Alfred Brunavs. On appeal, E'tief argues that the Trustee and Brunavs colluded with each other to dissolve Brunavs of legal liabilities to E'tief's detriment. In making this argument, E'tief relies on other bankruptcy rulings as evidence of Brunavs's collusion with the Trustee and also suggests these other rulings illustrate the bankruptcy judge's bias against him.

In the bankruptcy context, we sit "as a 'second court of review' and thus 'examine[] independently the factual and legal determinations of the bankruptcy court,' " employing the same standards of review as the district court. In re Optical Techs., Inc., 425 F.3d 1294, 1299-1300 (11th Cir. 2005) (quoting In re Issac Leaseco, Inc., 389 F.3d 1205, 1209 (11th Cir. 2004)). We review legal conclusions by either the bankruptcy court or the district court de novo and the bankruptcy court's findings of fact for clear error. In re New Power Co., 438 F.3d 1113, 1117 (11th Cir. 2006).

Rule 8006 of the Federal Rules of Bankruptcy Procedure specifies the procedure for designating the items for a record on appeal, including transcripts of proceedings:

Within 10 days after filing the notice of appeal . . . the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. Within 10 days after the service of the appellant's statement the appellee may file and serve on the appellant a designation of additional items to be included in the record on appeal . . . . The record on appeal shall include the items so designated by the parties, the notice of appeal, the judgment, order, or decree appealed from, and any opinion, findings of fact, and conclusions of law of the court. Any party filing a designation of the items to be included in the record shall provide to the clerk a copy of the items designated or, if the party fails to provide the copy, the clerk shall prepare the copy at the party's expense. <u>If the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost</u>. All parties shall take any other action necessary to enable the clerk to assemble and transmit the record.

Fed. R. Bankr. P. 8006 (emphasis added). The Federal Rules of Appellate Procedure contain a similar rule regarding the duties of an appellant to compile the record on appeal that specifies that:

(1) **Appellant's Duty to Order.** Within 10 days after filing the notice of appeal . . . the appellant must do either of the following:

(A) order from the reporter a transcript of such parts of the proceedings not already on file as the appellant considers necessary . . .

(B) file a certificate stating that no transcript will be ordered.

(2) **Unsupported Finding or Conclusion.** If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in

3

the record a transcript of all evidence relevant to that finding or conclusion.

(3) **Partial Transcript.** Unless the entire transcript is ordered:

(A) the appellant must--within the 10 days provided in Rule 10(b)(1)--file a statement of the issues that the appellant intends to present on the appeal and must serve on the appellee a copy of both the order or certificate and the statement;

(B) if the appellee considers it necessary to have a transcript of other parts of the proceedings, the appellee must, within 10 days after the service of the order or certificate and the statement of the issues, file and serve on the appellant a designation of additional parts to be ordered; and

(C) unless within 10 days after service of that designation the appellant has ordered all such parts, and has so notified the appellee, the appellee may within the following 10 days either order the parts or move in the district court for an order requiring the appellant to do so.

Fed. R. App. P. 10(b)(1)-(3).

E'tief has not included a transcript of the June 16, 2004, hearing where the bankruptcy court orally announced its findings of facts and conclusions of law regarding the Application to Compromise that forms the basis of the issue E'tief raises on appeal. Moreover, the transmittal sheet from the bankruptcy court clerk with the record on appeal indicates that E'tief did not comply with Rule 8006 by serving the court reporter with his request for transcripts. Although E'tief is <u>pro se</u>, the record indicates that the bankruptcy court <u>expressly</u> informed him of the procedures to follow to obtain transcripts for the record on appeal. After the

4

district court noted the deficiencies in the record, we can find no indication that E'tief made any effort to cure the deficiencies. On appeal, E'tief has not attempted to cure the deficiencies in the record and has failed to comply with the requirements of Rule 10 by not ordering the transcript, not filing a certificate stating that he would not file the transcript, and not filing a statement of the issues he intended to present on appeal. In fact, E'tief filed a motion asking that we proceed without the transcripts, which we granted. However, without the transcripts, it simply is impossible for us to review the bankruptcy court's factual findings and legal conclusions. Accordingly, we dismiss E'tief's appeal with respect to the appeal of the June 21 order. See Fed. R. App. P. 10(b)(2); see also Abood v. Block, 752 F.2d 548, 550 (11th Cir. 1985) (dismissing appeal where the appellant failed to include a transcript of the relevant district court proceedings in the record on appeal).

Finally, the record that we do have does not contain any evidence suggesting collusion or bias on the part of the Trustee, Brunavs, or the bankruptcy court judge.[1] Thus, we affirm as to those issues.

**DISMISSED IN PART, AFFIRMED IN PART.**

---

[1] E'tief attaches several documents to his brief in support of his arguments, but the majority of these documents were not part of the record on appeal and will not be considered here. See Fed.R.App.P. 10(a). Even if these documents were considered, they provide no support for his arguments of bias and collusion.