**In the Matter of: Jerrie L. VANDER HOUWEN, Debtor,**

**Jerrie L. Vander Houwen, Appellant,**

v.

**Ford Elsaesser; et al., Appellees.**

**No. 07–35238.**

United States Court of Appeals, Ninth Circuit.

Submitted May 20, 2008.*

Filed May 28, 2008.

Jerrie L. Vander Houwen, Yakima, WA, pro se.

Bradford Anderson, Esq., Betts Patterson & Mines, PS, Seattle, WA, Nancy L. Isserlis, Esq., Winston & Cashatt, Rolf H. Tangvald, Esq., USSP–Office of the U.S. Attorney, Scott R. Smith, Esq., Stemper, Rubens, Stocker & Smith, Spokane, WA, John Casey Mills, Portland, OR, Paul Williams, Esq., Carlson Boyd & Bailey PLLC, Yakima, WA, for Appellees.

Gary J. Trepanier Excavating LLC, Teiton, WA, pro se.

Russell J. Mazzola, Yakima, WA, pro se.

Before: PREGERSON, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

Jerrie L. Vander Houwen appeals pro se from the Ninth Circuit Bankruptcy Appel-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

late Panel's ("BAP") orders dismissing his appeal for lack of prosecution and denying his motion for reconsideration. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We affirm.

The BAP did not abuse its discretion by dismissing Vander Houwen's appeal after granting several extensions to file the opening brief and excerpts of record and warning Vander Houwen that failure to comply with court deadlines would result in dismissal. *See Greco v. Stubenberg,* 859 F.2d 1401, 1404 (9th Cir.1988) (holding that district court did not abuse its discretion by dismissing an appeal from bankruptcy court based on appellant's failure to follow court deadlines despite being warned that failure to do so would result in dismissal).

The BAP did not abuse its discretion by denying Vander Houwen's motion for reconsideration because the motion failed to present new facts or legal issues. *See In re Agricultural Research & Tech. Group, Inc.,* 916 F.2d 528, 533, 542 (9th Cir.1990) (reviewing denial of motion for reconsideration for abuse of discretion and stating that "reconsideration may properly be denied where the motion fails to state new law or facts").

Because the appeal was properly dismissed, we do not reach Vander Houwen's contentions regarding the merits of the bankruptcy court order from which he appealed.

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.