FILED

**NOT FOR PUBLICATION**

NOV 01 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: LUCIENNE HUNTER,<br><br>    Debtor.<br>_____<br><br>LUCIENNE HUNTER and KEVIN SMITH,<br><br>    Appellants,<br><br>  v.<br><br>PAUL MANSDORF, Chapter 7 Trustee, and UNITED STATES TRUSTEE, Oakland,<br><br>    Appellees. | Nos. 09-60009<br>        09-60010<br><br>BAP Nos. NC-08-1194-PaJuH<br>        NC08-1203-PaJuH<br><br>MEMORANDUM[*] |

Appeals from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Jury, and Hollowell, Bankruptcy Judges, Presiding

Submitted October 19, 2010[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:    O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

Lucienne Hunter and Kevin Smith appeal pro se from the January 7, 2009 orders of the Bankruptcy Appellate Panel ("BAP") dismissing their appeals for failure to prosecute, from the January 9, 2009 BAP order stating that the BAP would not take action on the latest motion for extension of time to file the opening brief because the case had been dismissed, and from the February 13, 2009 BAP order denying the motion for reconsideration of the dismissals. We have jurisdiction under 28 U.S.C. § 158(d). We review the orders for abuse of discretion. *Morrissey v. Stuteville (In re Morrissey)*, 349 F.3d 1187, 1190 (9th Cir. 2003); *Nat'l Bank of Long Beach v. Donovan (In re Donovan),* 871 F.2d 807, 808 (9th Cir. 1989) (per curiam). We affirm.

The trustee contends that we have jurisdiction over only the February 13, 2009 order because the notice of appeal was not timely with regard to the earlier orders. However, because the appellants filed a tolling motion, the notice of appeal was timely as to all the orders. *See* Fed. R. Bankr. P. 8002; *see also* Fed. R. Bankr. P. 9006(a)(1).

Contrary to the appellants' contentions, the BAP did not abuse its discretion by issuing the January 7, 2009 and January 9, 2009 orders because the BAP gave the appellants several extensions and explicit warnings that failure to file the

opening brief might result in dismissal, and the appellants have not provided a non-frivolous excuse for their failure to file the brief by the time the BAP issued the orders. *See Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 (9th Cir. 1994) (explaining factors courts must consider before dismissing for failure to prosecute); *see also Greco v. Stubenberg*, 859 F.2d 1401, 1404 (9th Cir. 1988) (explaining that courts ordinarily should consider alternative sanctions as well as the fault of the person failing to prosecute).

The BAP also did not abuse its discretion by denying the motion for reconsideration because the appellants failed to show that their delay was due to excusable neglect. *See Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (en banc) (explaining the factors to consider when determining whether there is "excusable neglect").

**AFFIRMED**.