

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: SHANEL ANN STASZ, | No. 11-60048 |
| Debtor, | BAP No. 11-1044 |
| SHANEL ANN STASZ, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| ROSENDO GONZALEZ, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Dunn, Kirscher, and Markell, Bankruptcy Judges, Presiding

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Chapter 7 debtor Shanel Ann Stasz appeals pro se from the Bankruptcy

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Appellate Panel's ("BAP") order dismissing her appeal from the bankruptcy court for failure to file a timely opening brief. We have jurisdiction under 28 U.S.C. § 158(d). We review for an abuse of discretion. *Morrissey v. Stuteville (In re Morrissey)*, 349 F.3d 1187, 1190 (9th Cir. 2003). We affirm.

The BAP did not abuse its discretion in dismissing Stasz's appeal for failure to file a timely opening brief after it granted Stasz several extensions of time and warned her that failure to file an opening brief by May 18, 2011 would result in dismissal of the appeal. *See* Fed. R. Bankr. P. 8001(a) (an appellant's failure to take steps required to prosecute an appeal may be grounds for dismissal of the appeal); *Greco v. Stubenberg*, 859 F.2d 1401, 1404 (9th Cir. 1988) (explaining that courts ordinarily should consider alternative sanctions as well as the fault of the person failing to prosecute); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (pro se litigants in the ordinary civil case are not excused from compliance with procedural rules).

The BAP did not abuse its discretion in denying Stasz's motion for reconsideration because Stasz failed to establish grounds for such relief. *See* Fed. R. Civ. P. 60(b) (listing grounds for relief from judgment); Fed. R. Bankr. P. 9024 (applying Fed. R. Civ. P. 60 to bankruptcy proceedings with limited exceptions); *Nat'l Bank of Long Beach v. Donovan (In re Donovan)*, 871 F.2d 807, 808 (9th

11-60048

Cir. 1989) (per curiam) (setting forth standard of review).

**AFFIRMED.**