NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: MARY A. FLOWERS, | No. 17-55857 |
| Debtor, | D.C. No. 2:16-cv-08014-R |
| ———————————————— | |
| MARY A. FLOWERS, | MEMORANDUM* |
| Petitioner-Appellant, | |
| v. | |
| SCHORR LAW, a professional corporation, | |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted March 13, 2018**

Before:     LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Mary A. Flowers appeals pro se from the district court's judgment

dismissing for failure to prosecute her bankruptcy appeal.  We have jurisdiction

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. §§ 158(d) and 1291. We review for an abuse of discretion. *Greco v. Stubenberg*, 859 F.2d 1401, 1404 (9th Cir. 1988). We affirm.

The district court did not abuse its discretion by dismissing Flowers' bankruptcy appeal for failure to prosecute because the district court warned Flowers repeatedly that failure to comply with filing deadlines would result in dismissal, granted Flowers an extension of time to submit the opening brief, and provided an opportunity for Flowers to respond to an order to show cause prior to dismissal. *See id.* (holding that district court did not abuse its discretion by dismissing an appeal from the bankruptcy court where the appellant failed to comply with court deadlines after a warning that failure to comply would result in dismissal); *see also* Fed. R. Bankr. P. 8018(a)(4) (permitting district court to dismiss a bankruptcy appeal on its own motion, after notice, if an appellant fails to file a timely brief); *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451-56 (9th Cir. 1994) (discussing factors for district court to weigh in determining whether to dismiss for failure to prosecute; noting that "[a] reviewing court will give deference to the district court to decide what is unreasonable because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable" (citations and internal quotation marks omitted)).

Schorr Law's request for judicial notice (Docket Entry No. 7) is granted.

Flowers' request for reassignment, set forth in her opening brief, is denied as

17-55857

moot.

**AFFIRMED.**