**In re Richard E. DONOVAN, Debtor.**

**NATIONAL BANK OF LONG BEACH, Appellant,**

v.

**Richard E. DONOVAN, an individual; and Chapter 7 Trustee, Steven E. Smith, Appellees.**

No. 88–6178.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 20, 1989.*

Decided March 21, 1989.

Mark L. Kincaid, Westrup, Kincaid & Klick, Long Beach, Cal., for appellant.

Robert J. Anderson, Law Offices of Richard R. Clements, Los Angeles, Cal., for appellees.

Before BROWNING, FARRIS and NORRIS, Circuit Judges.

PER CURIAM:

On December 21, 1987, the bankruptcy court granted the trustee's motion for summary judgment and determined a deed of trust in the debtor's property held by appellant National Bank of Long Beach ("Na-

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

tional Bank") was void. National Bank timely appealed to the Bankruptcy Appellate Panel (BAP) and simultaneously designated the transcript of the summary judgment hearing for inclusion in the record on appeal. National Bank claims this designation was inadvertent.

> Bankruptcy Rule 8006 provides in part:
> If the record designated by any party includes a transcript of any proceeding ..., the party shall immediately after filing the designation deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost.

It does not appear National Bank took any action to comply with this provision.

On February 4, 1988, a deputy clerk of the BAP issued a form conditional order of dismissal which allowed National Bank 20 days to "provide[ ] written explanation showing legal cause why the appeal should not be dismissed." This order contained no proof of service and National Bank's counsel claims never to have received it.

National Bank did not respond to the conditional order. The BAP dismissed the appeal on April 14, 1988. National Bank moved the BAP to set aside its order of dismissal, claiming the designation of the transcript was "incorrect[ ]," that no notice of the procedural default was received, and that dismissal was therefore "an unwarranted sanction." The BAP denied this motion without explanation on June 14, 1988. National Bank filed a notice of appeal to this court on June 24, 1988.

National Bank's notice purports to appeal both the bankruptcy court's December 1987 summary judgment and the BAP's June 1988 refusal to reconsider its order of dismissal. However, under Fed.R.App.P. 4(a)(1), National Bank's notice was timely only as to the June 1988 denial of the motion to reconsider. Accordingly, we have jurisdiction to review only the June 1988 order and do not address the merits. *Cf. Ellingsworth v. Chrysler*, 665 F.2d 180, 183–84 (7th Cir.1981) (notice timely as to denial of Rule 60(b) motion but untimely as to underlying judgment confers appellate jurisdiction only as to Rule 60(b) denial).

Although our standard of review of a BAP order denying a motion to reconsider is apparently a question of first impression, we review for abuse of discretion. This is the standard we apply to orders denying relief from judgment under Fed.R.Civ.P. 60(b). *Thompson v. Housing Authority*, 782 F.2d 829, 832 (9th Cir.1986). We have previously analogized the dismissal of a bankruptcy appeal for failure to prosecute to a dismissal under Fed.R.Civ.P. 41(b). *In re Hill*, 775 F.2d 1385, 1386–87 (9th Cir. 1985). Denial of reconsideration of such a dismissal is appropriately analogized to a Rule 60(b) determination.

Bankruptcy Rule 8001(a) grants the BAP authority to dismiss appeals for non-prosecution, including failure to make a timely written request for a transcript. *Greco v. Stubenberg*, 859 F.2d 1401, 1404 (9th Cir. 1988). However, such a dismissal constitutes an abuse of discretion if the court fails to consider both alternative sanctions and the relative culpability of the appellant and his attorney, because dismissal may inappropriately punish the appellant for the neglect of his counsel. *Greco*, 859 F.2d at 1404; *In re Hill*, 775 F.2d at 1387; *see also Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986) (standards for dismissal under Fed.R.Civ.P. 41(b)). Although these precedents involved dismissals by district courts rather than by the BAP, the same standard should apply to the BAP. National Bank's motion for reconsideration satisfied Rule 60(b)'s recognition of "mistake, inadvertence, surprise, or excusable neglect" as possible grounds for reconsideration.

Either prior to its dismissal order or upon reconsideration, the BAP should have considered alternative sanctions or whether the mistake of counsel deserved to be imputed to the client. Its failure to do so without explanation was an abuse of discretion. *Cf. Jackson v. Beech*, 636 F.2d 831, 835–36 (D.C.Cir.1980) (abuse of discretion to refuse to set aside inadvertent default where no prejudice to other party appears). Although in "egregious circum-

stances" a court may dismiss a case for non-compliance with procedural rules without explicit consideration of alternative sanctions, *Malone v. United States Postal Service*, 833 F.2d 128, 132 (9th Cir.1987), such circumstances do not appear in this case.

VACATED and REMANDED for consideration of alternative sanctions and relative fault.