891 F.2d 295
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Nathan S. SCHWARTZ, Debtor.
Wyatt OWENS, Administrator for the Estate of Nathan S.
Schwartz, Plaintiff-Appellant,
v.
John BIELASKI, Dave Allen, Does I Through C, X, Y, and Z
Corporations, A, B, and C Partnerships,
Defendants-Appellees.
 No. 88-15629.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 30, 1989.*
Decided Dec. 6, 1989.
 
 Before ALARCON, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Wyatt Owens, Administrator for the Estate of Nathan S. Schwartz, appeals from the Bankruptcy Appellate Panel's (BAP) order denying Owens' motion to reconsider the BAP's Order of Dismissal. Owens contends that the BAP abused its discretion in denying his motion to reconsider the Order of Dismissal. We remand for reconsideration in light of the principles enunciated in this memorandumn disposition.
 
 
 3
 On March 21, 1988 the bankruptcy judge filed an order denying Owens' then pending motion to amend findings and judgment in favor of defendants. On March 25, 1988, Owens filed a timely appeal. Bankruptcy Rule 8006 requires appellant to file within 10 days a statement of issues, a designation of transcript and a transcript order notice. On April 11, 1988, appellant filed a transcript designation and ordering form, and an amended designation of record, but no statement of issues.
 
 
 4
 On May 5, 1988, the BAP clerk issued a Notice of Deficient Appeal and Possible Dismissal due to Owens' failure to file a Statement of Issues, a Designation of Record, and a Transcript Order Notice. The notice required Owens to include a written explanation showing legal cause why the appeal should not be dismissed. On May 9, 1988, Owens sent the missing documents to the BAP but failed to include a written explanation showing legal cause why the appeal should not be dismissed. Apparently, counsel for Owens thought the only problem was that the clerk did not receive the items and felt that he could cure this by sending new items. On July 1, 1988, the BAP issued an Order of Dismissal on the grounds that appellant failed to provide a legal explanation. Thereafter, appellant filed a motion for reconsideration of the Order of Dismissal, which the BAP denied. This appeal followed.
 
 
 5
 We review a BAP order denying a motion to reconsider for abuse of discretion. In re Donovan 871 F.2d 807 (9th Cir.1989) (per curiam).
 
 
 6
 Our decision in In re Donovan controls the outcome of the present case. In In re Donovan, the appellant appealed to the BAP from a bankruptcy court decision. Appellant failed to file a designation of transcript. Subsequently, the BAP clerk issued a Conditional Order of Dismissal providing the bank with 20 days in which to provide a written explanation showing legal cause why the appeal should not be dismissed for failure to designate a transcript as required by Bankruptcy Rule 8006. Id. at 808. The bank did not respond and the BAP dismissed the appeal. In the bank's motion to set aside the dismissal the bank argued that it never received notice of the conditional order of dismissal, which contained no proof of service. The BAP denied the motion without explanation. The bank then appealed to this court.
 
 
 7
 We noted in In re Donovan that the BAP has authority under Bankruptcy Rule 8001(a) to dismiss appeals for non-prosecution, including failure to comply with Bankruptcy Rule 8006. Id. at 808. "However, such a dismissal constitutes an abuse of discretion if the court fails to consider both alternative sanctions and the relative culpability of the appellant and his attorney, because dismissal may inappropriately punish the appellant for the neglect of his counsel." Id. Such consideration should occur either prior to dismissal or upon a motion to reconsider. Id. In the present case the BAP failed to consider either alternative sanctions or relative culpability either in the order of dismissal or in the denial of appellant's motion for reconsideration. Although in In re Donovan the appellant may not have received the conditional notice of dismissal and in the present case such notice was received, this distinction does not change the analysis. The court in In re Donovan did not rely upon that fact in its holding. Appellant filed the missing documents six weeks before the BAP order of dismissal. Therefore, this case does not present the " 'egregious circumstances' [in which] a court may dismiss a case for non-compliance with the procedural rules without explicit consideration of alternative sanctions." Id. at 808-09 (citation omitted).
 
 
 8
 VACATED and REMANDED for consideration of alternative sanctions and relative fault.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3