999 F.2d 543
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Daniel R. LAWSON; Bettye J. Lawson, Debtors.
Daniel R. LAWSON; Bettye J. Lawson, Appellants,
v.
LAW OFFICES OF DAVID A. TILEM, Appellee.
In re Daniel R. Lawson; Bettye J. Lawson, Debtors.
Daniel R. LAWSON; Bettye J. Lawson, Appellants,
v.
LAW OFFICES OF DAVID A. TILEM, Appellee.
 Nos. 90-55563, 91-55622.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1993.*
Decided July 13, 1993.
 
 Before KOZINSKI, SUHRHEINRICH** and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 In this consolidated appeal, the Lawsons challenge an order of the Bankruptcy Appellate Panel (BAP) dismissing their appeal for failure to prosecute (BAP No. CC-89-1052; No. 91-55622); and a BAP order affirming the bankruptcy court's order directing payment of attorney Tilem's administrative claim (BAP No. CC-89-1394; No. 90-55563). The BAP had jurisdiction pursuant to 28 U.S.C. § 158(b). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 158(d). We AFFIRM.
 
 No. 90-55563
 
 3
 This court independently reviews the bankruptcy court's decision, because we are in "as good a position as the Bankruptcy Appellate Panel to review the bankruptcy court's legal conclusions." Commercial Union Insur. Co. v. Texscan Corp. (In re Texscan Corp.), 976 F.2d 1269, 1271 (9th Cir.1992) (citation omitted). We review the bankruptcy court's factual findings for clear error. Id. The difficulty in this case is that the Lawsons failed to include in the record before the BAP and this court the motion upon which the bankruptcy court's January 11, 1989 order is based. Ashley v. Church (In re Ashley), 903 F.2d 599, 603 n. 1 (9th Cir.1990) (declining to consider argument where necessary record was not before appellate court); In re Burkhardt, 84 Bankr. 658, 661 (9th Cir.BAP 1988) (it is responsibility of appellants to file an adequate record). In that which is before us, we find no basis for reversal.
 
 No. 91-55622
 
 4
 Bankruptcy Rule 8001(a) grants the BAP authority to dismiss appeals for lack of prosecution. We review such dismissals for abuse of discretion. National Bank of Long Beach v. Donovan (In re Donovan), 871 F.2d 807, 808 (9th Cir.1989). A court abuses its discretion in this context if it "fails to consider both alternative sanctions and the relative culpability of the appellant and his attorney." Id. at 808. The court must also consider "the impact of the sanction." Hill v. Shekter (In re Hill), 775 F.2d 1385, 1387 (9th Cir.1985).
 
 
 5
 In this case, the BAP had no alternatives to dismissal to consider. The BAP issued a "Notice of Deficient Appeal and Possible Dismissal" (Notice) to the Lawsons on October 18, 1989. The Notice indicated that the appeal was defective because the Lawsons had failed to file a designation of record and a transcript. It stated that the appeal would be dismissed twenty days later unless the Lawsons provided "an adequate legal explanation as to why the appeal should not be dismissed." Over one and one-half years later, on May 2, 1991, the appeal was dismissed for lack of prosecution because the Lawsons had failed to file any written response to the October 1989 Notice.
 
 
 6
 Although the BAP did not explicitly consider alternatives to dismissal, under the circumstances there was no cause to do so. In response to its Notice, the Lawsons remained silent. The BAP had no explanation for their failure to respond, and thus no basis from which to consider alternatives to dismissal.
 
 
 7
 Assessing the relative culpability of the Lawsons and their counsel is impossible, as the Lawsons are proceeding pro se. However, we can consider the reasons provided by the Lawsons on this appeal as to why they failed to file a transcript or designation of record. The Lawsons claim that they had ordered a designation of record and transcript for an appeal in a related case, and they mistakenly believed that this would be sufficient for purposes of this appeal. Their belief stemmed in part from misunderstandings and miscommunications with the BAP clerk. While their confusion is understandable, their failure to notify the BAP is inexcusable. Moreover, the Lawsons did not file a designation of record and transcript in their related appeal until May 1990, more than six months after the BAP had issued its notice. Their confusion regarding the filing requirements still does not explain why they did not respond to the Notice at least during the six months before a transcript and designation of record had been filed in their related appeal.
 
 
 8
 Turning, finally, to the impact of dismissal, we recognize that the Lawsons may not be able to challenge the order fixing compensation of their attorney. Based on the record presented to the BAP at the time of dismissal, however, we cannot hold that the BAP abused its discretion in dismissing this appeal for failure to prosecute. AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Richard F. Suhrheinrich, Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by the Ninth Circuit Rule 36-3