105 F.3d 666
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Richard L. TURNER; Genevieve M. Turner, Debtors.
Richard L. TURNER, Appellant,
v.
Linda A. SCHUETTE, Appellee.
 No. 95-16901.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 19, 1996.
 
 Before SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Turner, debtor, appeals pro se the Bankruptcy Appellate Panel's ("BAP") denial his motion for reconsideration of its order affirming the bankruptcy court's judgment revoking Turner's Chapter 7 discharge, and including the fees received under a contingency arrangement in the bankruptcy estate. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review for abuse of discretion, In re Donovan, 871 F.2d 807, 808 (9th Cir.1989), and we affirm.[1]
 
 
 3
 Turner contends that his discharge was improperly revoked because the testimony of Linda Schuette, the bankruptcy trustee was not credible. This contention lacks merit.
 
 
 4
 Upon request of the trustee, the bankruptcy court shall revoke a debtor's Chapter 7 discharge if "the debtor acquired property that is property of the estate ... and knowingly and fraudulently failed to report the acquisition of or entitlement to such property ..." 11 U.S.C. § 727(d)(2).
 
 
 5
 Here, at the time Turner filed for bankruptcy, he had a contingency-fee agreement to receive one-half of any attorneys's fees generated by a products liability lawsuit. Turner, however, failed to disclose this fee arrangement in his bankruptcy petition. According to the testimony of Schuette, Turner denied the existence of any outstanding cases or accounts receivables on two separate occasions. Other than pointing to alleged "inconsistencies" in Schuette's testimony, Turner presented no evidence that Schuette was not truthful. Because there was uncontradicted evidence that Turner failed to disclose the fee arrangement, the bankruptcy court did not err by revoking Turner's discharge. See Dietz v. Ross (In re Dietz), 914 F.2d 161, 163 (9th Cir.1990) (failure to disclose asset supports revocation of discharge).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Turner's notice of appeal states that he is appealing from the BAP's order denying his motion for reconsideration entered September 11, 1995. Turner's motion for reconsideration challenged the amount of the contingency-fee that should be included in the bankruptcy estate, and the creditability of the trustee's testimony. Turner does not raise the contingency fee issue on appeal. Accordingly, that issue is waived. See Officers for Justice v. Civil Service Comm'n, 979 F.2d 721, 726 (9th Cir.1992), cert. denied, 113 S.Ct. 1645 (1993) (failure to raise argument in opening brief constitutes waiver)