In re: Peter D. BOGART, Debtor,

Peter D. Bogart, Appellant,

v.

Byron Z. Moldo, Appellee.

Nos. 01–35716, OR–00–01024–KRYB.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 11, 2002.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM**

Peter D. Bogart appeals pro se from the judgment of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's order dismissing his adversary proceeding alleging that Byron Z. Moldo violated the automatic stay by acting as a state-appointed receiver to enforce a state court judgment in favor of the California Coastal Commission. We affirm.

We lack jurisdiction to address Bogart's contentions regarding the merits of the BAP's original entry of judgment because he failed to file a timely notice of appeal or a timely post-judgment tolling motion. *See* Fed. R.App. P. 4(a)(4)(B)(ii). Accordingly, the scope of Bogart's appeal is limited to the denial of his motion for reconsideration and clarification.

We have jurisdiction to review the BAP's denial of Bogart's motion for reconsideration under 28 U.S.C. § 158. The BAP did not abuse its discretion in denying Bogart's motion for reconsideration because he failed to demonstrate mistake, inadvertence, surprise, excusable neglect, newly-discovered evidence, or any other basis for relief. *See* Fed.R.Civ.P. 60(b); Fed. R. Bankr.P. 9024; *Nat'l Bank of Long Beach v. Donovan (In re Donovan)*, 871 F.2d 807, 808 (9th Cir.1989) (per curiam).

There is no support in the record for Bogart's contention that the bankruptcy judge was biased. *See* 28 U.S.C. § 455(a); *Commercial Paper Holders v. Hine (In the Matter of Beverly Hills Bancorp)*, 752 F.2d 1334, 1341 (9th Cir.1984).

The bankruptcy court did not abuse its discretion in denying Bogart's discovery motions. *See Paulman v. Gateway Venture Partners III, L.P. (In re Filtercorp, Inc.)*, 163 F.3d 570, 584 (9th Cir.1998).

We deny all pending motions.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Bogart's request for oral argument.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.