*366 OPINION
CHERTOFF, Circuit Judge.
Appellant Taiwan Machinery Trade Center (“Taiwan Machinery”) appeals a final order of the United States District Court for the District of New Jersey affirming the Bankruptcy Court’s entry of a default judgment against appellant. For the reasons cited below, we will affirm.
I.
We will review the facts briefly. On July 31,1998, a judgment of approximately $225,000 was entered against Victor International, Inc. (“Victor”), a New Jersey corporation. On November 24, 1999, Victor filed for Chapter 7 bankruptcy. On May 10, 2000, the Trustee appointed to Victor’s Chapter 7 bankruptcy filed a two-count complaint initiating an adversary proceeding against Taiwan Machinery, an entity that shared' substantially common ownership with Victor.[1] The complaint alleged that Victor had fraudulently transferred its assets to Taiwan Machinery, in violation of 11 U.S.C. § 548(a) and the New Jersey Uniform Fraudulent Transfer Act, N.J.Stat.Ann. §§ 25:2-25(a)-(b), 25: 2-27, incorporated into the adversary proceeding through 11 U.S.C. § 544(b). On June 12, 2000, Taiwan Machinery filed an answer denying the allegations in the complaint and alleging that the demise of Victor’s business was due to market forces beyond its control.
The parties engaged in discovery from June of 2000 until April of 2002. During this period, Taiwan Machinery consistently defied or deflected virtually every document request put forward by the Trustee and the Bankruptcy Court. When Taiwan Machinery did deign to provide documents, it did so selectively. Taiwan Machinery refused to comply with all three of the Bankruptcy Court’s orders, was held in contempt of court twice, and was subject to monetary sanctions. On May 24, 2002, the Bankruptcy Court ordered that Taiwan Machinery’s answer be stricken, and it issued a default judgment of $373,607 in favor of the Trustee and against Taiwan Machinery. The District Court affirmed the Bankruptcy Court’s decision.
In this appeal, Taiwan Machinery argues that the District Court erred in affirming the Bankruptcy Court’s default judgment because (1) the Trustee did not present sufficient evidence before the Bankruptcy Court to support the entry of a default judgment and (2) the Bankruptcy Court improperly quantified the default judgment.
II.
We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. The Bankruptcy Court had jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(1). The District Court had appellate jurisdiction over the judgment of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1).
Because the District Court in this case sat as an appellate court reviewing a final order of the Bankruptcy Court, our review of its determination is plenary. Interface Group-Nevada, Inc. v. Trans World Airlines, Inc. (In re Trans World Airlines, Inc.), 145 F.3d 124, 130 (3d Cir.1998). In reviewing the decision of the Bankruptcy Court, we exercise the same standard of review as the District Court, that is, we review the Bankruptcy Court’s legal determinations de novo, its factual findings for clear error, and its exercise of discretion for abuse thereof. Id. at 131.
*367 A.
The Bankruptcy Court entered a judgment by default against Taiwan Machinery pursuant to Fed.R.Bankr. 7037(b)(2), which adopts verbatim Fed.R.Civ.P. 37(b)(2). We review a decision to dismiss or enter a default judgment pursuant to Rule 37 under an abuse of discretion standard. See Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir.1984). Substantial deference is afforded to a court’s decision to dismiss. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir.1992).
In determining whether a court properly exercised its discretion in ordering a default judgment, this Court takes into account six factors as articulated in Poulis: (1) the extent of the party’s personal responsibility; (2) the prejudice the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis, 747 F.2d at 868 (emphasis omitted). Not all six factors are necessary for the entry of default. Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 919-21 (3d Cir.1992); cf. Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir.1988).
The record makes it abundantly clear that the Bankruptcy Court did not abuse its discretion in filing a default judgment against Taiwan Machinery. In its recitation of the discovery and motion proceedings, the Bankruptcy Court amply considered the Poulis factors.
First, there is no dispute that Taiwan Machinery had personal responsibility to participate in the proceedings. Second, there was prejudice to the Trustee in Taiwan Machinery’s failure to meet scheduling orders and respond to discovery, namely its failure to supply its tax returns. See, e.g., Curtis T. Bedwell & Sons, Inc. v. Int’l Fidelity Ins. Co., 843 F.2d 683, 693 (3d Cir.1988). Taiwan Machinery’s refusal to provide the requisite tax returns or even to supply the promised alternative financial materials substantially hindered the Trustee from analyzing financial transactions between Victor and Taiwan Machinery.
Third, there was more than a sufficient basis for the Bankruptcy Court’s finding of dilatoriness. The record of pervasive dilatoriness is set forth in detail in the Bankruptcy Court’s opinion. Suffice it to say here that Taiwan Machinery’s history of resistance began with its initial refusal to comply with the Trustee’s request for production of documents at the start of discovery and continued with Taiwan Machinery’s failure to follow three of the Bankruptcy Court’s orders, dated June 20, 2001, August 7, 2001, and February 5, 2002. Taiwan Machinery’s failure to comply with each order is even more remarkable in light of the considerable effort expended by the Bankruptcy Court to accommodate Taiwan Machinery’s objections. Such consistent unresponsiveness epitomizes evasiveness. See, e.g., Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1148 (3d Cir.1990).
Fourth, we are persuaded by the Bankruptcy Court’s determination that Taiwan Machinery exhibited willful and contumacious behavior. As discussed, during the sixteen month discovery period, Taiwan Machinery repeatedly failed to fulfill the numerous document requests put forward by the Trustee and the Bankruptcy Court. The Bankruptcy Court granted Taiwan Machinery’s pleas to modify various orders, by, for example, allowing alternative financial documentation limited to the *368 State of New Jersey in lieu of the tax returns and accepting modified tax disclosures tailored to the company’s accounting practices. Taiwan Machinery nevertheless failed even to meet its document production obligations under these generous accommodations. Taiwan Machinery’s tactic of only providing those documents it deemed appropriate to produce understandably prompted the Bankruptcy Court to question its good faith. In the face of Taiwan Machinery’s repeated and self-serving refusals to comply, we cannot say that the Bankruptcy Court’s finding that Taiwan Machinery acted in bad faith was clearly erroneous. See e.g., Hoxworth, 980 F.2d at 921.
Fifth, it is abundantly clear from the record that the Bankruptcy Court tried various sanctions or threatened sanctions to compel Taiwan Machinery to produce the necessary documents. The Bankruptcy Court’s decisions to hold Taiwan Machinery in contempt and to impose monetary sanctions were not effective. After reminding Taiwan Machinery’s counsel that it was at the “third or fourth bite at this dealing with monetary sanctions,” the Bankruptcy Court found, “it seems to me that though this Court is willing to consider and has considered less drastic remedies ... [but] the Court is in a position where it believes it’s run out of rather ordinary sanctions. Monetary sanctions apparently won’t work.” (Appendix at 514). As the Bankruptcy Court further noted, “[t]his Court has looked for lesser sanctions than an ultimate sanction and has in the past given any number of what can only be decided as breaks or relief from previously ordered penalties, but that soft-handed approach hasn’t worked, in fact, quite the opposite. It may have made matters worse. So, monetary sanctions are not effective.” (Appendix at 518)
Finally, we are persuaded that the merit of the Trustee’s claims supports the Bankruptcy Court's decision to levy a default judgment against Taiwan Machinery. This Court reviews such claims with a moderately deferential standard of review. See Poulis, 747 F.2d at 869-70. In Poulis, we said, “we do not purport to use summary judgment standards. A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense.” Id. As discussed more fully below, the Bankruptcy Court’s findings of fraudulent transfer also lend strong support to the final decision. While this Court has observed that the sanction of default is often disfavored, we have also held that “the district court rather than the court of appeals is in the best position to evaluate whether a default is proper.” Hoxworth, 980 F.2d at 922. The Bankruptcy Court extended considerable latitude, patience, and forbearance to Taiwan Machinery, and the latter disdained all three. Based on our review of the record and the length and tenor of the proceedings, there is more than adequate support for the Bankruptcy Court’s findings and no abuse of discretion.
B.
Appellant takes specific issue with the Bankruptcy Court’s finding of fraudulent transfer of assets between Victor and Taiwan Machinery. We find that the Bankruptcy Court did not commit error in concluding that there was fraudulent conveyance between the parties. The circumstances surrounding the bankruptcy, the demise of Victor, and the concomitant ascendance of Taiwan Machinery support the determination that a fraudulent transfer occurred between the parties.
*369 The Bankruptcy Court presented a thorough and full explication of its findings of fraudulent conveyance between the parties in its discussion in the context of 11 U.S.C. §§ 548(a), 544(b). In this regard, the Bankruptcy Court correctly relied on considerable circumstantial evidence to deduce fraudulent transfer. “A court may make a finding of fraudulent intent under section 548(a)(1) on the basis of circumstantial evidence; direct proof of the transferor’s fraudulent intent will rarely be available.” In re Roco Corp., 701 F.2d 978, 984 (1st Cir.1983). Company representatives admitted that Victor’s employees, customer base, and physical assets (space and telephone and fax lines) were subsumed by Taiwan Machinery.[2] A review of Victor’s bare-bones and belatedly-supplied financial records established that no “reasonably equivalent value” was provided to Victor in exchange for the assets transferred to Taiwan Machinery.
Also revealing was the out-of-the-ordinary-eourse depletion of Victor’s assets, the elimination of its sales, and the substantially contemporaneous increase in Taiwan" Machinery’s revenues and assets. This evidence is summarized in part as follows:
_Victor International, Inc._
1997 Return 1998 Return 1999 Return
_7/1/97 — 6/30/98 7/1/98 — 6/30/99 7/1/99 — 2/29/00
Assets_$ 231,465,00_$ 22,413.00_$ 8,674.00
Gross receipts_$1,511,034.00_$ 18,514.00_$_0.00
_Taiwan Machinery Trade Center_ year ending year ending
_9/30/99_9/30/00
New Jersey Gross receipts_$1,580.729.67_$3,156,591.94
Finally, we observe that Taiwan Machinery’s obduracy in discovery and its refusal to provide its tax documentation hampered the Trustee and Bankruptcy Court in resolving the fraudulent transfer charge and assessing the value of the transfer. Taiwan Machinery’s conduct, among other things, left it "with no proof or argument to rebut the overwhelming circumstantial evidence of fraudulent transfer of assets.[3]
C.
The Bankruptcy Court also properly exercised its discretion by entering a default judgment against Taiwan Machinery in an amount equivalent to the sum of the net debt left behind when Taiwan Machinery assumed Victor’s assets. As the Bankruptcy Court noted, the measure of damage for a fraudulent conveyance is recovery of the value of the transfer. See 11 U.S.C. §§ 548(a), 550(a) and N.J.StatAnn. § 25:230b. Having been denied the ability to comprehensively assess the extent of the fraudulent transfers through Taiwan Machinery’s own misconduct, the Bankruptcy Court was reasonable in determining that the measure of damages should be quantified by the net debt left behind by Victor. Cf. Acequia, Inc. v. Clinton, 34 F.3d 800, 810-12 (9th Cir.1994).
*370 The Bankruptcy Court’s alternative determination that Taiwan Machinery’s taking of Victor’s business amounted to a de facto merger also supports the amount of the default judgment. As the Bankruptcy Court noted, a company that effects a de facto consolidation or merger is hable for the debts of each merging entity. See Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc., 13 F.3d 69, 73 (3d Cir.1993). This reinforces the damages finding.
Taiwan Machinery is in no real position to challenge the Bankruptcy Court’s reasonable estimate of damages. Taiwan Machinery cannot credibly argue that the assessment of damages was not based on more accurate data, given that its wrongdoing rendered such data unavailable. “The most elementary conceptions of justice and public policy require that the wrongdoer shall bear the risk of the uncertainty which his own wrong has created.” Bigelow v. RKO Radio Pictures, Inc., 327 U.S. 251, 265, 66 S.Ct. 574, 90 L.Ed. 652 (1946).
We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. Accordingly, the judgment of the District Court will be affirmed.

. As the record reveals, Victor and Taiwan Machinery shared the same principal owner, Alen Hueng, as well as a number of board members.

. In the late fall of 1998 or early 1999, Taiwan Machinery began operating out of Victor’s New Jersey premises and even began paying utility bills for the space. A utility bill for service through November 11, 1998, listed "Taiwan Machinery Co. Trade Center” as the payor for the premises.

. In addition, the Bankruptcy Court’s decision could hardly come as a surprise, given that it clearly warned Taiwan Machinery twice that its failure to comply fully with the outstanding orders would subject it to the sanctions set out in Rule 37.