MEMORANDUM **
Linda and Jan Koncicky appeal pro se from the Bankruptcy Appellate Panel’s (“BAP”) June 9, 2004 order denying the Koncickys’ third motion to reinstate their appeal from various bankruptcy court orders entered in favor of the Trustee, which the BAP had previously dismissed for failure to prosecute. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We treat the BAP’s denial of the Koncickys’ motion as a denial of reconsideration and review for abuse of discretion. See Nat’l Bank of Long Beach v. Donovan (In re Donovan), 871 F.2d 807, 808 (9th Cir.1989) (per cu-riam) (noting that the denial of reconsideration of a dismissal for failure to prosecute “is appropriately analogized to a Rule 60(b) determination”). We affirm.
The Koncickys contended that their failure to timely prosecute their case was due to a family emergency that kept their attorney out of the office for four months; however, as the BAP noted, the Koncickys’ attorney submitted no “competent evidence” to support his assertions, and “the prolonged delay may have been well within his control.” The BAP acted within its discretion when it denied the Koncickys’ motion to reinstate their appeal because the Koncickys’ failed to satisfy their burden of proving “excusable neglect.” See Pioneer Inv. Serv. Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395-97, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (listing factors to consider in determining “excusable neglect” and noting that clients must be held accountable for acts and omissions of their chosen counsel.)
The Koncickys’ remaining contentions lack merit.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.