**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0556n.06
Filed: August 3, 2006

**Nos. 05-5225/5227/5358/5359**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **In re LARRY CONWAY**, | ) | |
| | ) | |
| *Debtor-Appellant*, | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |
| | ) | ON APPEAL FROM THE |
| **LARRY CONWAY and MARILYN CONWAY**, | ) | BANKRUPTCY APPELLATE |
| | ) | PANEL FOR THE SIXTH |
| *Appellants*, | ) | CIRCUIT |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **PRESTON WILSON, Chapter 7 Trustee, and** | ) | |
| **UNITED STATES Trustee for Region 8**, | ) | |
| | ) | |
| *Appellees*. | ) | |

BEFORE:    BOGGS and COLE, Circuit Judges, and ROSEN, District Judge.[*]

**R. GUY COLE, JR., Circuit Judge**.  In this consolidated appeal, Debtor-Appellant Larry Conway appeals four separate orders of the Bankruptcy Appellate Panel for the Sixth Circuit affirming orders entered by the bankruptcy court and his wife, Appellant Marilyn Conway, appeals three of those orders although she is only a party in two of the cases.  For the following reasons we **AFFIRM** the orders of the Bankruptcy Appellate Panel in Case Nos. 05-5225, 05-5358, and 05-5359, and **DISMISS** the appeal in Case No. 05-5227 for lack of jurisdiction.

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

[*] The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

## I. Background

### A. Factual Background

On February 26, 2002, Larry Conway filed a voluntary bankruptcy petition under Chapter 11 of Bankruptcy Reform Act of 1994 (the "Bankruptcy Code"), 11 U.S.C. § 101 *et seq.*, his second Chapter 11 petition in four months. Conway listed assets in his accompanying bankruptcy schedules totaling $13,882,267. Included in these assets were: a principal residence valued at $1.76 million; a Mercedes-Benz automobile; furniture valued at $170,000; books, pictures, and artifacts valued at $980,000; and furs and jewelry valued at $100,000. Conway subsequently amended his bankruptcy schedules to include a Lexus automobile, but did not list its value. The aggregate value of the personal property listed by Conway was $1,160,000. Subsequently, and without explanation, Conway amended his schedule of assets, decreasing their combined value to $559,600.

On August 1, 2002, the United States Trustee moved to dismiss or, alternatively, convert Conway's case to a case under Chapter 7 of the Bankruptcy Code. The bankruptcy court set November 4, 2002, as the date for a hearing on the motion. Prior to the hearing date, the United States Trustee served written notice of his intent to conduct a deposition of Conway, and also served upon Conway a written set of interrogatories and request for production of documents. Conway did not appear for his deposition on the designated date nor did he provide answers to the interrogatories or produce any documents. The United States Trustee thereupon filed a motion to compel Conway's compliance with his discovery requests. In response, the bankruptcy court entered orders compelling Conway to appear for a deposition, and to file answers to the interrogatories and produce the requested documents. Conway failed to comply with either order: he neither appeared at the

court-ordered deposition nor filed responses, as ordered, to the interrogatories and requests for production of documents.

On November 7, 2002, the bankruptcy court converted Conway's Chapter 11 case to a case under Chapter 7, and appointed P. Preston Wilson as the Chapter 7 trustee ("Wilson"). By statute, Wilson, as trustee, was required to "collect and reduce to money the property of the [bankruptcy] estate . . . and close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(a). Conway appealed the order converting his case to a case under Chapter 7. The district court affirmed the bankruptcy court's order for conversion. Conway did not appeal the judgment of the district court.

A meeting of creditors pursuant to 11 U.S.C. § 341 was scheduled for December 4, 2002, notice of which was sent to Conway and all creditors. Despite notice, Conway did not appear, as required by the statute, at this meeting. Wilson rescheduled the meeting for January 8, 2003, at which time, despite notice, Conway failed to appear a second time. Wilson rescheduled the meeting of the creditors again for March 5, 2003. On January 10, 2003, Wilson filed a motion seeking an order from the bankruptcy court compelling Conway to appear at the March 5 meeting of the creditors. On February 4, 2003, after concluding that Conway had not filed an objection to Wilson's motion, the bankruptcy court granted the motion and entered an order compelling Conway to attend the March 5 meeting of creditors. Despite the bankruptcy court's order, Conway did not appear at the meeting of creditors.

On November 21, 2002, Wilson filed a motion in the bankruptcy court for an order compelling Conway to submit to an examination under Fed. R. Bank. P. 2004. The bankruptcy court

granted the motion; however, Conway failed to appear at the examination, again offering no basis for his absence.

As a result of Conway's continuing refusal to comply with the Bankruptcy Code and orders of the bankruptcy court, Wilson moved to dismiss Conway's bankruptcy case with prejudice.  The bankruptcy court denied the motion, determining that it was in the best interest of the creditors that Conway's case continue under Chapter 7 so that Wilson, as trustee, could liquidate Conway's assets to satisfy the claims of his creditors.

On August 13, 2003, Wilson filed a motion pursuant to Bankruptcy Rule 2004 for a writ of entry to conduct an examination of Conway's real and personal property.  On August 28, 2003, the bankruptcy court granted Wilson's request and issued a writ.  On August 29, 2003, Wilson conducted the examination at Conway's residence with the assistance of deputy United States Marshals.  As authorized by another writ of entry issued on October 24, 2004, Wilson seized personal property owned by Conway.  Despite Conway's valuation of his property at $559,600, the assets seized by Wilson were ultimately appraised at $100,000 to $120,000, and were sold at auction for $76,647.50.  Wilson has not been able to locate any additional assets.

On December 18, 2003, Marilyn Conway, Larry Conway's wife, filed a voluntary Chapter 11 petition.  Marilyn Conway's petition was converted to a Chapter 7 case on March 29, 2004.  In the pending proceedings, Marilyn Conway is a party only in Case Nos. 05-5227 and 05-5359, however she has filed a *pro se* appeal in three of the four cases before us (Case Nos. 05-5358, 05-5227, and 05-5359).

**B.      Procedural Background**

**1.      Case No. 05-5225, *Larry Conway v. United States Trustee***

On October 27, 2003, the United States Trustee filed a complaint against Larry Conway objecting to the issuance of a bankruptcy discharge to Larry Conway.  The United States Trustee cited three bases for his request to deny Conway a discharge:  1) Conway refused to appear for a deposition, meeting of creditors, or examination pursuant to Bankrupcy Rule 2004, in violation of 11 U.S.C. § 727(a)(6)(C); 2) Conway concealed assets, in violation of § 727(a)(2)(B); and 3) Conway failed to explain the devaluation of assets, in violation of § 727(a)(5).  Despite proper service of the complaint and summons, Conway failed to answer the complaint.  On December 15, 2003, the United States Trustee filed a motion for default judgment.  On January 8, 2004, the bankruptcy court convened a hearing on the motion and entered a default against Conway pursuant to Fed. R. Bank. P. 7055.  The bankruptcy court, however, declined to enter a final judgment under Fed. R. Bank. P. 9021 against Conway without first holding an evidentiary hearing.

On January 13, 2004, the bankruptcy court issued an entry of default and notified the parties, including Conway, that it would conduct an evidentiary hearing on January 29, 2004, to consider whether it should enter a final judgment.  On January 29, 2004, the bankruptcy court conducted the evidentiary hearing, which included the admission of testimonial and documentary evidence in support of the United States Trustee's request for default judgment.  On February 3, 2004, the bankruptcy court entered a default judgment denying Conway's discharge and, in referencing the three grounds alleged by the United States Trustee as reasons for denying the discharge, specifically finding that Conway:  1) had engaged in concealment of property of the bankruptcy estate; 2) had

not cooperated with Wilson, the trustee, as required by statute and court order; 3) had impeded Wilson in inventorying the bankruptcy estate; 4) had failed to turn over his assets to Wilson; 5) had failed to explain his devaluation of his assets; and 6) had refused to appear at court-ordered examinations and depositions.

On February 11, 2004, Conway filed his notice of appeal of the default judgment to the Bankruptcy Appellate Panel ("BAP"). By order of December 28, 2004, the BAP affirmed the bankruptcy court's order denying Conway's discharge. On February 3, 2005, Conway filed a notice of appeal to this Court. On April 11, 2005, this Court consolidated this appeal with three other appeals filed by Conway, all of which are currently pending before us.

**2.     Case No. 05-5358,** *Larry Conway v. Wilson (Chapter 7 Trustee)*

On March 29, 2004, Wilson filed a motion to sell personal property in which Conway — and hence the bankruptcy estate — had an interest, and for the assistance of the United States Marshal in conducting the sale. This motion sought authority to sell the estate's interest in property pursuant to 11 U.S.C. § 363(b), along with Marilyn Conway's interest in any such property pursuant to §§ 363(f) and (h).

On April 22, 2004, the bankruptcy court conducted a hearing on the motion. On May 11, 2004, the court granted the motion and entered an order allowing Wilson to sell the subject property and to receive the assistance of the United States Marshal in conducting the sale.

Larry and Marilyn Conway appealed this order to the BAP. On January 27, 2005, the BAP entered an order notifying the Conways of their procedural default and advising them that their appeal would be dismissed for failure to prosecute unless the default was remedied within fifteen

days. On February 17, 2005, the BAP dismissed the Conways' appeal for non-prosecution due to the Conways' failure to remedy their default. The Conways have appealed the BAP's dismissal to this Court. On April 11, 2005, this Court consolidated this appeal with three other appeals filed by Conway, all of which are currently pending before us.

3.  **Case No. 05-5227,** *Larry and Marilyn Conway v. Wilson (Chapter 7 Trustee)*

On October 24, 2004, the bankruptcy court issued a writ of entry to the United States Marshal to assist Wilson in taking possession of personal property in which the Conways had an interest. On October 28 and 29, 2004, the Marshal executed the writ and peaceably forced entry into the Conways' home using a locksmith and by cutting a chain securing the door, an action necessitated by the Conways' refusal to allow the Marshal entry into their home. Once inside the home, Wilson took possession of all property in which the bankruptcy estate had an interest.

On November 14, 2004, the Conways appealed the writ of entry and sought a stay of the writ from the BAP. On November 19, 2004, the BAP denied the motion for a stay. On January 6, 2005, the BAP dismissed the appeal stating that the Conways "have filed a timely appeal from the May 11 order [and] [w]hether the . . . [c]ourt was correct in issuing a Writ in Aid of Execution is an issue that can be addressed" in that appeal. The Conways appeal the BAP's denial of their appeal to this Court. On April 11, 2005, this Court consolidated this appeal with three other appeals filed by the Conways, all of which are currently pending before us.

4.  **Case No. 05-5359,** *Larry and Marilyn Conway v. Wilson (Chapter 7 Trustee)*

On October 27, 2004, Wilson filed a notice of intent to sell the property of the bankruptcy estate by auction on November 20, 2004. The Conways filed an objection to the proposed sale. On

November 18, 2004, the bankruptcy court conducted a hearing and denied the objection. On

November 19, 2004, the bankruptcy court entered an order authorizing a sale by auction. On

November 29, 2004, the Conways appealed this order to the BAP. On January 27, 2005, the BAP

entered an order notifying the Conways of their procedural default and advising them that their

appeal would be dismissed for non-prosecution unless the default was remedied within fifteen days.

On February 17, 2005, the BAP dismissed the Conways' appeal for non-prosecution due to the

Conways' failure to remedy their default. The Conways appeal the BAP's dismissal of their appeal

to this Court. On April 11, 2005, this Court consolidated this appeal with three other appeals filed

by the Conways, all of which are currently pending before us.

## II. Standard of Review

In reviewing an appeal from the BAP where the BAP issues a decision on the merits, we

review the bankruptcy court's decision. *Corzin v. Fordu (In re Fordu)*, 201 F.3d 693, 696 n. 1 (6th

Cir. 1999). Generally, we review the bankruptcy court's conclusions of law *de novo* and its factual

findings for clear error. *Id*. However, when the bankruptcy court enters a default judgment, we use

a deferential standard of review, *Dobin v. Taiwan Mach. Trade Cntr. Corp. (In re Victor Int'l)*, 97

F. App'x 365, 368 (3d Cir. 2004), and review the bankruptcy court's decision for abuse of

discretion. *Hamlett v. Amsouth Bank (In re Hamlett)*, 322 F.3d 342, 345 (4th Cir. 2003). Further,

in cases such as this one where the BAP dismissed an appeal for non-prosecution, we review the

BAP's dismissal directly for abuse of discretion. *In re Donovan*, 871 F.2d 807, 808 (9th Cir. 1989).

## III. Discussion

A.      **Case No. 05-5225,** *Larry Conway v. United States Trustee*

The law is clear:  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."  Fed. R. Bankr. P. 7055; Fed. R. Civ. P. 55(a).  It is undisputed that the United States Trustee filed a complaint against Larry Conway and that Conway failed to plead or otherwise defend by filing an answer or an appropriate motion.  After an entry of default, a court may enter a judgment of default. Fed. R. Bankr. P. 7055; Fed. R. Civ. P. 55(a).  In this case, Larry Conway never asked the bankruptcy court to set aside the default nor did he attempt to show good cause for relief as to the default.

As the BAP correctly found:

> The only argument that the Debtor makes regarding the propriety of the default judgment is his contention that the judgment is invalid due to the bankruptcy court's failure to make specific findings of fact and conclusions of law on the merits of the [United States Trustee's] complaint.  Rule 52(a) of the Federal Rules of Civil Procedure, made applicable in bankruptcy adversary proceedings by Rule 7052 of the Federal Rules of Bankruptcy Procedure, does require findings and conclusions, but only in "actions tried upon the facts without a jury or with an advisory jury. . . . Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56 or any other motion except as provided in subdivision (c) of this rule." . . . Moreover, although unnecessary the bankruptcy court did make oral findings of fact and conclusions of law on the merits at the hearing on January 29, 2004, and Rule 52(a) expressly provides that "[i]t will be sufficient if the findings of fact and conclusions of law are stated orally and recorded in open court following the close of the evidence."

*In re: Conway*, No. 04-8025, at 5–6 (B.A.P. 6th Cir. Dec. 28, 2004) (citations omitted).  We find no reason to disturb this well-reasoned analysis.  It was appropriate for the bankruptcy court to first enter a Rule 7055 default and then, after a hearing, to enter a default judgment under Fed. R. Bank. P. 9021.

It is clear that Conway failed repeatedly to respond to his legal obligations imposed both by statute and court order when he: refused numerous times to appear at the meeting of the creditors; refused to submit to a Rule 2004 examination; refused to submit to a deposition despite a court order requiring him to appear; refused to answer discovery requests despite a court order requiring him to answer; and refused to attend and give testimony at the hearing on his default. It is likewise clear that the bankruptcy court complied with all procedural and substantive requirements and that Conway was afforded notice and an opportunity to be heard prior to the entry and judgment of default.

> Finally, under 11 U.S.C. § 727(a)(2)(B), a discharge is properly denied if:
>
> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed or has permitted to be transferred, removed, destroyed, mutilated, or concealed-
> . . . (B) property of the estate after the date of the filing of the petition. . . .

*Id*. The Bankruptcy Code further provides that a debtor has an affirmative obligation to "surrender to the trustee all property of the estate." 11 U.S.C. § 521(4). It is clear from the record that the bankruptcy court did not err in its determination that Larry Conway violated § 727(a)(2)(B) and that he did not comply with his other statutory obligations.

We therefore affirm the BAP's affirmance of the bankruptcy court's entry of a default judgment under Fed. R. Bank. P 9021 against Larry Conway.

**B.      Case No. 05-5358,** *Larry Conway v. Wilson (Chapter 7 Trustee)*

Conway appeals the bankruptcy court's order granting Wilson's motion to sell property of the bankruptcy estate. We find that the BAP, in dismissing this appeal for non-prosecution,

complied with due process and, therefore, did not abuse its discretion.    On January 27, 2005, the

BAP entered an order notifying the Conways of their procedural default and advising them that their

appeal would be dismissed for non-prosecution unless the default was remedied within fifteen days.

On February 17, 2005, the BAP dismissed the Conways' appeal for non-prosecution due to the

Conways' failure to remedy their default.

A bankruptcy appellate panel does not abuse its discretion in dismissing an appeal for non-

prosecution if it complies with due process.  *See*, *e.g.*, *Fuentes-Argueta v. INS*, 101 F.3d 867, 868

(2d Cir. 1996).  In other words, when the BAP dismisses an appeal for non-prosecution, so long as

due process is afforded to a party prior to his appeal being dismissed, we will deem that appeal

waived and will not review the decision of the bankruptcy court. Because the Conways were

provided notice and an opportunity by the BAP to remedy their default and then failed to do so, their

appeal is deemed waived.

**C.**      **Case No. 05-5227, *Larry and Marilyn Conway v. Wilson (Chapter 7 Trustee)***

The Conways appeal an order of the BAP denying the Conways' request to stay the writ

allowing Wilson to enter their residence.  A writ of entry is not a final appealable order under 28

U.S.C. § 158(a); therefore, we lack jurisdiction under 28 U.S.C. § 158(d)(1).  Even if we had

jurisdiction, the Conways filed an appeal — our Case No. 05-5358 — from the underlying order

which, as discussed in Section III.B., is properly denied.  As we do not have jurisdiction to entertain

this appeal, it is hereby dismissed.

**D.**      **Case No. 05-5359, *Larry and Marilyn Conway v. Wilson (Chapter 7 Trustee)***

The Conways appeal the bankruptcy court's order authorizing a sale by auction of property of the bankruptcy estate. On January 27, 2005, the BAP entered an order notifying the Conways of their procedural default and advising them that their appeal would be dismissed for non-prosecution unless the default was remedied within fifteen days. On February 17, 2005, the BAP dismissed the Conways' appeal for non-prosecution due to the Conways' failure to remedy their default.

Because the Conways were provided notice and an opportunity by the BAP to remedy their default, for the reasons stated in Section III.B., their appeal in this case is deemed waived.

## IV. Conclusion

For the foregoing reasons, we **AFFIRM** the orders of the Bankruptcy Appellate Panel in Case Nos. 05-5225, 05-5358, and 05-5359 and **DISMISS** the appeal in Case No. 05-5227 for lack of jurisdiction.