**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: REED E. SLATKIN, Substantively Consolidated Affilates TOPSIGHT OREGON, INC. and REED SLATKIN INVESTMENT CLUB, L.P. (Reorganized Debtors),<br><br>Debtor.<br><br>_____<br><br>DONALD L. SIMONS, and KAREN A. SIMONS, a.k.a Karen Ritz,<br><br>Appellants,<br><br>v.<br><br>R. TODD NEILSON, Trustees of the Chapter 11 Bankruptcy Estate of Reed E. Slatkin,<br><br>Appellee. | No. 09-55759<br><br>D.C. No. 2:08-cv-03358-RSWL<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted May 25, 2010[]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Donald L. and Karen A. Simons appeal from the district court's order dismissing their appeal from the bankruptcy court's summary judgment against them in an adversary proceeding. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review for an abuse of discretion the dismissal of an appeal for failure to prosecute, *Nat'l Bank of Long Beach v. Donovan (In re Donovan)*, 871 F.2d 807, 808 (9th Cir. 1989), and we reverse and remand.

The district court dismissed sua sponte after the Simonses failed to timely file documents in support of their appeal. However, the Simonses had requested a short extension to file their opening brief, the court failed to warn of dismissal or to consider less drastic sanctions, and there was no showing of prejudice to the appellee. Thus, we reverse and remand. *See id.* at 808-09 (concluding that dismissal of appeal was an abuse of discretion where Bankruptcy Appellate Panel failed to consider alternative sanctions); *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 (9th Cir. 1994) (explaining five factors courts must consider before dismissal, including prejudice to opposing party and alternative sanctions,

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and noting that in sua sponte dismissals "there is a closer focus on the failure to consider less drastic alternatives and the lack of warning of imminent dismissal" (internal quotation marks and citation omitted)).

**REVERSED and REMANDED.**