FILED

NOV 29 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: ESTRELLA AND JAMES KINCAID, <br><br> Debtors. <br><br> ———————————————— <br><br> ESTRELLA KINCAID; JAMES KINCAID, <br><br> Appellants, <br><br> v. <br><br> SUSAN K. SMITH, Trustee, <br><br> Appellee. | No. 09-60047 <br><br> BAP No. 09-1070-PaJuMo <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Jury, and Montali, Bankruptcy Judges, Presiding

Submitted November 21, 2011[**]

Before:    TASHIMA, BERZON, and TALLMAN, Circuit Judges.

———————————

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Estrella and James Kincaid appeal pro se from the Bankruptcy Appellate Panel's ("BAP") orders dismissing their appeals for lack of prosecution and denying their motion for reconsideration. We have jurisdiction under 28 U.S.C. § 158(d). We review for an abuse of discretion. *Greco v. Stubenberg*, 859 F.2d 1401, 1404 (9th Cir. 1988) (dismissal for lack of prosecution); *Nat'l Bank of Long Beach v. Donovan (In re Donovan)*, 871 F.2d 807, 808 (9th Cir. 1989) (per curiam) (motion for reconsideration). We affirm.

The BAP did not abuse its discretion by dismissing the Kincaids' appeals after granting an extension of time to file the opening brief, stating that no further extensions would be granted, and warning that noncompliance would result in dismissal. *See Greco*, 859 F.2d at 1404 (the district court did not abuse its discretion by dismissing an appeal from the bankruptcy court where the appellant failed to comply with court deadlines after a warning that failure to comply would result in dismissal); *see also In re Donovan*, 871 F.2d at 808 (the same standard governs dismissals for lack of prosecution by the district court and the BAP).

The BAP did not abuse its discretion by denying the Kincaids' motion for reconsideration because the Kincaids failed to show excusable neglect or any other ground for relief. *See* Fed. R. Civ. P. 60(b) (providing grounds for relief); *In re Donovan*, 871 F.2d at 808 (a BAP order denying a motion to reconsider a dismissal

09-60047

for lack of prosecution "is appropriately analogized to a Rule 60(b) determination").

The Kincaids' remaining contentions are unavailing.

**AFFIRMED.**