**NOT FOR PUBLICATION**

FILED

JAN 31 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  PAMELA RAE BENNETT,<br><br>Debtor.<br>_____<br><br>PAMELA RAE BENNETT,<br><br>Appellant,<br><br>v.<br><br>LESLIE T. GLADSTONE, Trustee; et al.,<br><br>Appellees. | No. 14-60018<br><br>BAP No. 13-1383<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Kurtz, and Dunn, Bankruptcy Judges, Presiding

Submitted January 18, 2017[**]

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Pamela Rae Bennett appeals pro se from the Bankruptcy Appellate Panel's ("BAP") orders dismissing her appeal from a bankruptcy court's order and denying Bennett's subsequent motion to reconsider its dismissal order. We have jurisdiction under 28 U.S.C. § 158(d). We review for an abuse of discretion the denial of a motion for reconsideration. *Arrow Electronics, Inc. v. Justus (In re Kaypro)*, 218 F.3d 1070, 1073 (9th Cir. 2000). We affirm.

The BAP did not abuse its discretion in denying Bennett's motion for reconsideration because Bennett failed to show any basis for relief. *See* Fed. R. Civ. P. 60(b) (enumerating grounds for relief); *Nat'l Bank of Long Beach v. Donovan (In re Donovan)*, 871 F.2d 807, 808 (9th Cir. 1989) (a BAP order denying a motion to reconsider a dismissal for lack of prosecution "is appropriately analogized to a Rule 60(b) determination").

We lack jurisdiction to consider Bennett's challenges to the BAP's order dismissing her appeal because Bennett failed to file a timely notice of appeal from that order. *See* Fed. R. App. P. 6(b)(2) (only timely motions for rehearing toll the time to appeal the underlying order or judgment); *Flores v. Arizona*, 516 F.3d 1140, 1163 (9th Cir. 2008) (a notice of appeal that is timely as to a motion for rehearing but untimely as to the underlying judgment confers appellate jurisdiction

only as to the order disposing of the motion for rehearing).

**AFFIRMED.**