NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 19 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: GUETATCHEW FIKROU, | No. 21-60005 |
| Debtor. | BAP No. 20-1117 |
| ------------------------------ | |
| GUETATCHEW FIKROU, DBA Abet Justice, LLC, a non profit organization, AKA Gueta Fikrou, AKA Get Fikru, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| RICK A. YARNALL; et al., | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Faris, Brand, and Taylor, Bankruptcy Judges, Presiding

Submitted November 8, 2021[**]

Before: CANBY, TASHIMA, and MILLER, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Guetatchew Fikrou appeals pro se from the Bankruptcy Appellate Panel's ("BAP") January 25, 2021 post-judgment order denying reconsideration of the BAP's January 4, 2021 order denying rehearing. We have jurisdiction under 28 U.S.C. § 158(d). We review for an abuse of discretion. *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993); *Nat'l Bank of Long Beach v. Donovan (In re Donovan)*, 871 F.2d 807, 808 (9th Cir. 1989). We affirm.

The BAP did not abuse its discretion by denying Fikrou's motion for reconsideration because Fikrou failed to demonstrate any basis for such relief. *See* Fed. R. Bankr. P. 9024 (making Fed. R. Civ. P. 60 applicable to bankruptcy cases); *Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.)*, 503 F.3d 933, 940-41 (9th Cir. 2007) (discussing requirements for application of "catch-all provision" of Fed. R. Civ. P. 60(b)(6)).

We reject as without merit Fikrou's contention that the bankruptcy court violated his due process rights.

We do not consider the underlying bankruptcy court orders or the BAP's judgment affirming the bankruptcy court's orders, because the notice of appeal was untimely as to the BAP's December 7, 2020 judgment. *See* Fed. R. App. P. 4(a)(1)(A) (notice of appeal must be filed within 30 days after entry of judgment or order appealed from), 6(b)(1) (making Federal Rules of Appellate Procedure

applicable to an appeal from the BAP with listed exceptions); *Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*, 476 F.3d 701, 703 (9th Cir. 2007) ("A timely notice of appeal is a non-waivable jurisdictional requirement.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, arguments and allegations raised for the first time on appeal, or arguments not adequately raised before the BAP. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *Thacker v. FCC (In re Magnacom Wireless, LLC)*, 503 F.3d 984, 996 (9th Cir. 2007).

Appellant's requests to file multiple reply briefs and to file a late reply brief (Docket Entry Nos. 58, 60) are granted. The Clerk will file the reply briefs submitted at Docket Entry Nos. 57, 59, and 67.

All other pending motions and requests are denied.

**AFFIRMED.**